## JESSE M. RICHARDS

### *v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

1. RECEIVER—*attacking appointment collaterally.* Where the court has jurisdiction of both the subject matter and of the necessary parties, its appointment of a receiver and the order therefor can not be assailed in a collateral proceeding, however erroneous it may be.

2. SAME—*interfering with his possession is a contempt of court.* The possession of a receiver is the possession of the court itself, and any unauthorized interference therewith, either by taking forcible possession of the property committed to his charge, or by legal proceedings for that purpose, without the sanction of the court appointing him, is a direct and immediate contempt of court, and punishable by attachment.

3. SAME—*when garnishee proceeding is a contempt.* Where a receiver is appointed for a railroad company with direction to take immediate posses- sion of all its property, whether real, personal or mixed, and whether in possession or in action, a garnishee proceeding, to reach a debt or funds be- longing to the company, without leave of the court appointing the receiver, is a contempt of the authority and process of the court.

4. SAME—*remedy of creditor.* After the appointment of a receiver of a corporation, a creditor seeking to collect his debt should apply to the court making the appointment, for leave to bring his action against the receiver, or to come in and be examined *pro inter esse eus.*

WRIT OF ERROR to the Circuit Court of DeWitt county; the Hon. LYMAN LACEY, Judge, presiding.

Messrs. SWEET & DAY, for the plaintiff in error.

Mr. C. W. FAIRBANKS, for the People.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This is a writ of error to the circuit court of DeWitt county, seeking the reversal of an order made by that court in a pro- ceeding for contempt against plaintiff in error, Richards, the alleged contempt consisting in his disregard of an injunction of that court, and interfering with the possession of its re- ceiver. The record discloses, that in November, 1874, the circuit court of DeWitt county, in a case therein pending, in which the Indianapolis, Bloomington and Western Railway Company was defendant, rendered a decree appointing one George B. Wright receiver of the real and personal property and choses in action of the company. Subsequent to the appointment of such receiver, plaintiff in error, Richards, with full knowl- edge thereof, and without leave of the court, brought suit and recovered judgments before one Hess, a justice of the peace, in Champaign county, against the railway company, and upon such judgments instituted garnishee proceedings before Hess, against certain persons having funds of the company in their possession. These facts being reported by the receiver to the DeWitt circuit court, that court issued an injunction against Hess, the justice, and Sweet, the attorney of Richards, enjoin-

ing further proceedings under the judgments, and enjoining Sweet from assisting Richards in their collection.

The injunction was served upon Hess and Sweet. It was not directed to Richards, nor served upon him, but he was informed of its tenor, and there was testimony tending to show that he had seen and read the writ.

Richards then filed transcripts of the justice's judgments with the clerk of the circuit court of Champaign county, and instituted new garnishee proceedings thereon against the same debtors of the company, as before. An attachment having been issued against him for contempt, in answer to the interrogatories filed in such proceeding, he disclaimed any intention of interfering with the receiver's possession, but stated that he sought to take possession, by due course of law, for the purpose of satisfying his judgments, of any property of the company not yet taken possession of by the receiver.

The attorney for the receiver testified to a conversation with Richards before his suits were begun, in which he stated that he should collect his claim, notwithstanding the receivership, and that no court could prevent him.

The court required Richards to state in writing what he proposed to do concerning his suits; to which he answered, that he proposed to pursue his claims according to law, and to collect and apply thereon all claims owing to the receiver but not collected by him. Thereupon the court found him guilty of contempt, and sentenced him to ten days' imprisonment and a fine of two hundred dollars.

Upon Richards filing his written undertaking to withdraw the garnishee proceedings, and to institute no more without consent of the court, the judgment was remitted to a fine of fifty dollars.

Two grounds of reversal are urged by counsel for plaintiff in error:

1st. That the appointment of the receiver was absolutely void, and the pretended injunction nothing more than a notice of the supposed appointment of a receiver.

2d. That, conceding the appointment of the receiver to be valid, no contempt was committed.

Upon the first branch of the case it is sufficient to say, that as far as appears from the record before us, the court had jurisdiction both of the subject matter and of the parties in the proceeding in which the receiver was appointed. Hence, its order appointing the receiver can not be assailed in this collateral proceeding; and, however erroneous it may have been, we can not, in this action, treat it as void, but at the most, only as voidable in a direct proceeding for that purpose. And the same observations are applicable, *mutatis mutandis*, to the order granting the injunction against further proceedings under the justice's judgments. The jurisdiction of the court in both instances being established, this court must decline, in a collateral proceeding, to question the propriety of its exercise. *Young* v. *Lorain*, 11 Ill. 624; *Fitzgibbon* v. *Lake*, 29 Ill. 165; *Hobson* v. *Ewan*, 62 Ill. 146.

But, conceding the appointment of the receiver to have been valid, it is contended by counsel for plaintiff in error that no contempt was committed, since there was no actual interference with the receiver's possession.

In this view of the case we can not concur. It is based upon the mistaken theory that property or credits not yet actually reduced to the receiver's possession, although the title thereto has vested in him by virtue of his appointment, may be seized or attached by creditors of the original debtor, with impunity, and that in so doing they are guilty of no interference with the rights of the receiver. But it is to be remembered that the receiver is the officer of the court, and that his possession is the possession of the court itself; and any unauthorized interference therewith, either by taking forcible possession of the property committed to his charge, or by legal proceedings for that purpose, without the sanction of the court appointing him, is a direct and immediate contempt of court, and punishable by attachment. *Roe* v. *Gibbon*, 7 Paige, 513; *De Visser* v. *Blackstone*, 6 Blatchf. C. C. 235; *Lane* v. *Sterne*, 3 Gif. 629; *Skip* v. *Harwood*, 3 Atk. 564; *Hull* v. *Thomas*,

3 Edw. Ch. 236; *Russell* v. *East Anglican Railroad Co.* 3 Mac. and G. 104; *Langford* v. *Langford,* 5 L. J. N. S. Ch. 60; *Spinning* v. *Ohio Life Insurance and Trust Co.* 2 Disney, 368.

And, in our view of the case, it can make no difference in the application of the rule, whether the property is actually, or only constructively, in the receiver's possession. Here, the order appointing the receiver directed him to forthwith take possession, and, if necessary, to sue for and recover all the property of the railway company, whether real, personal or mixed, and whether in possession or action.

That order was the receiver's evidence of title, and authorized him to immediately reduce to possession the credits and choses in an action which were garnisheed by Richards. The garnishee proceedings were a direct interference with the right of the receiver, since they attempted to deprive him of what was his under the order of his appointment. They were, therefore, an immediate obstacle, interposed by Richards, to the enforcement of the order of the court, and as such were plainly a contempt of its authority and powers.

Counsel for plaintiff in error rely with much confidence upon the case of *Albany City Bank* v. *Schermerhorn,* 9 Paige, 372, as sustaining the right of a judgment creditor to levy upon and sell real estate in the receiver's hands, provided there be no actual interference with the receiver, the sale being merely the perfecting of a lien into a superior title to the land. But the cases are widely different. There, the real estate in the receiver's possession was subject to the lien of a previous judgment; here, the judgments sought to be enforced were obtained subsequent to the appointment of the receiver. And it was distinctly held in *Albany City Bank* v. *Schermerhorn,* that such a sale was subject to all just claims of the receiver. And, in the case as reported in 10 Paige, 263, it was held that a mere formal levy by the sheriff upon property constructively under the receiver's control, did not render the sheriff liable to attachment, when, immediately upon making such levy. he consented that the receiver might take possession of the

interest levied upon, and dispose of the same, holding the proceeds subject to the order of the court. The distinction between the two cases is too obvious for further comment.

It is not necessary to inquire whether Richards was warranted in instituting his suits against the company, without permission of the court. It is sufficient to know that he was attempting to deprive the receiver of credits to which he, and he only, was lawfully entitled, and hence was directly interfering with and impeding the court in its administration of the estate over which it had appointed its receiver.

The proper course for Richards would have been to apply to the court appointing the receiver, for leave either to bring his action against that officer, or to come in and be examined *pro inter esse eus*, the latter being regarded as the most convenient and desirable practice. *Brooks* v. *Greathed*, 1 Jac. and W. 176; *Skinner* v. *Maxwell*, 68 N. C. 400; *In re Day*, 34 Wis. 638. Instead of this course, he attempted to wrest from the court and its officer, assets properly belonging to them, and repeatedly avowed his purpose of continuing so to do, as to any assets not yet reduced to possession by the receiver. A fine of fifty dollars, to which the judgment was reduced, is but slight punishment for so flagrant a contempt of court.

Perceiving no error in the record, the judgment of the court below must be affirmed.

*Judgment affirmed.*