CHARLES J. POOLE, Defendant in Error, *vs.* JOHN A. KOONS, Plaintiff in Error.

*Opinion filed October 25, 1911—Rehearing denied Dec. 7, 1911.*

1. SPECIFIC PERFORMANCE—*court may decree specific performance of contract to convey land in foreign State.* A court of equity, which has acquired jurisdiction of all the parties to a contract for the sale of land situated in a foreign State, may decree specific performance by directing the defendant to execute the deed, and it may also direct the execution of a deed by the master in chancery in case the defendant fails or refuses to comply with the decree. (*Bevans* v. *Murray,* 251 Ill. 603, followed.)

2. PARTNERSHIP—*when a partner should not be held to account for mistake of judgment.* Where a real estate partnership agreement provides that the partners shall share equally in the profits of any sale "made by one or both parties," each partner has authority to make sales, and if there is no fraud or bad faith by one partner in making a sale he is only required to account to the other partner for one-half the actual profit, even though he may have made a mistake in judgment by selling the land too low.

3. SAME—*partners should bring forward all claims at time of a settlement agreement.* Each partner, at the time a settlement agreement is made, should bring forward all claims which he has against the other with reference to the partnership transaction and which are then due.

WRIT OF ERROR to the Circuit Court of Jefferson county; the Hon. WILLIAM H. GREEN, Judge, presiding.

WILLIAM T. PACE, and G. GALE GILBERT, for plaintiff in error.

D. G. THOMPSON, for defendant in error.

Mr. JUSTICE VICKERS delivered the opinion of the court:

Charles J. Poole filed a bill for the specific performance of a contract for the sale of real estate and Koons filed a cross-bill to enforce payment of the consideration. The court below dismissed the cross-bill, found the amount due Koons and decreed the execution of a deed upon the pay-

252—4

ment of the amount so found due, and in default of such conveyance the 'master in chancery of Jefferson county was ordered to make the deed. Koons has sued out a writ of error from this court, and the record is here, as a return to said writ, for our review.

There is a substantial agreement between the parties upon the question as to the right of defendant in error to a conveyance of the premises involved, but the principal controversy is in respect to the amount that is due plaintiff in error upon the contract sought to be enforced.

The evidence shows the following facts: On the first day of November, 1908, plaintiff in error was the owner of 760 acres of land located in Craighead county, in the State of Arkansas. He had purchased 640 acres of this land in March, 1908, for which he paid $6400, and in May of that year he paid $600 for the remaining 120 acres. On said first day of November, 1908, the parties hereto entered into a written contract, by which plaintiff in error agreed to assign, transfer and convey a one-half interest in the said 760 acres of land in consideration of a note signed by defendant in error for $3500, bearing seven per cent interest, and seven per cent interest on one-half of the original cost of the land from the date of the purchase by plaintiff in error to the date of the sale to defendant in error. Said contract provided that the parties should share equally in the profits and expenses which might accrue from their ownership and disposition of said lands, and it was further stipulated that said parties enter into a partnership for the purpose of dealing in real estate and each to share equally in the profits in any sale made by one or both parties. The interest then due was paid and a note for $3500 was executed and delivered to plaintiff in error at the time the contract was executed. Defendant in error was a practicing physician, residing with his family and practicing his profession in the city of Mt. Vernon, Illinois. Plaintiff in error was a widower, and resided in Jonesboro, Craighead county, Ar-

kansas, where he carried on a mercantile business and dealt in real estate. Plaintiff in error had formerly resided in Mt. Vernon, Illinois, where he still owned some real etsate. There is some evidence tending to show that at the time the contract of November 1, 1908, was entered into, it was understood or agreed between the parties that defendant in error would move his family to Jonesboro, Arkansas, and allow plaintiff in error to make his home with defendant in error and make no charge for his board. There is also some claim on the part of plaintiff in error that defendant in error agreed to give up the practice of medicine and devote his time to the real estate business, but there is nothing in the written contract referring to these matters and the evidence of plaintiff in error on these points is contradicted by that of defendant in error, so that in the disposition of the case these contentions cannot be regarded as established by the evidence. After the contract in question was made the plaintiff in error bought another tract of land in Arkansas of 160 acres, for which he paid $600 and took the title in his own name. Defendant in error afterwards executed and delivered to plaintiff in error another promissory note for $300, representing one-half of the purchase price of the 160 acres bought after the contract was entered into. The evidence shows that plaintiff in error requested defendant in error to sell for him certain real estate which plaintiff in error owned in Jefferson county, Illinois, and that defendant in error did interest himself in trying to find purchasers for the Jefferson county real estate and succeeded in finding a purchaser for some of the property. After the partnership agreement was made plaintiff in error sold the 120 acres purchased in May, 1908, for $1200 in cash, and he has not accounted to defendant in error for his half of the proceeds of that sale. One of the controverted questions between the parties grows out of the sale by plaintiff in error of this 120-acre tract of land. Defendant in error claims that this 120 acres of land was worth much more

than the price for which it was sold by plaintiff in error, and that in a settlement between the parties plaintiff in error should account for one-half of the value of the land without regard to the price for which it was sold. Plaintiff in error contends that in making this sale he acted in good faith and for the best interest of both parties as he believed, and obtained a fair, reasonable price for the land, and that he should therefore only be required to account to defendant in error for one-half of the proceeds actually received by him for the land. The trial court decided .this point against plaintiff in error and by the decree required plaintiff in error to account for the proceeds of this sale on the basis of a valuation of $22.50 per acre. In other words, the court below charged plaintiff in error, on account of the sale of this 120 acres, with $1500 more than the land sold for. The court found that one-half of this valuation, or $1350, should have been credited on defendant in error's note as of the date when the sale was made, and in arriving at the balance due the plaintiff in error he was charged interest on this amount from December 1, 1909, at the rate of seven per cent, the total amount of interest being $89.25, which added to the one-half valuation of the land gave defendant in error a credit of $1439.25. The court also allowed defendant in error for commissions on certain sales made of plaintiff in error's Jefferson county real estate, $83.35, upon which interest was also computed at the rate of seven per cent from the date said sales were made, amounting to $7.94, making a total of commissions and interest thereon of $91.29, which added to the $1439.25 made a total of credits of $1530.54, which deducted from $4082.29, being the amount of the two notes held by plaintiff in error, left a balance of $2551.75, which the court found was the correct amount due plaintiff in error, upon the payment of which a conveyance was directed to be made to defendant in error. The evidence also shows that on July 1, 1909, the parties to this suit had an accounting

and settlement of all matters then unsettled between them; that this settlement was made in writing and written by defendant in error and signed by both parties. By the settlement defendant in error was charged with interest then due on his two notes, amounting to $340.50, for taxes paid by plaintiff in error $11.50, and expenses incurred in purchase of land $18, making a total of $370. Defendant in error was credited with a commission of $16.65 on the Walker trade and $66.65 on the Watkins deal, $190 for three mules, and for cash paid $181,—a total of $454.30. Defendant in error received a credit on the principal of his indebtedness to plaintiff in error of $84.24, which balanced his account. It is not contended by defendant in error that he made any further sales or had any other transactions or dealings with plaintiff in error after this settlement was made. Defendant in error, however, contends that he was entitled to $33.35 additional compensation on the Watkins deal, and that he was also entitled to $50 commission on the Culli and McAtee sale. The court below allowed defendant in error to go behind the settlement, and allowed his claims, as above stated, for additional commission on the Watkins deal and the $50 claimed on the Culli and McAtee trade. Plaintiff in error complains of the ruling of the court in this regard. Plaintiff in error also contends that the circuit court had no jurisdiction to decree the specific performance of this contract in any event, because the lands involved were located in a foreign State.

The contention of plaintiff in error in regard to the power of a court of chancery in this State to decree the specific performance of a contract relating to the sale of real estate in a foreign State, where the court has jurisdiction of all the parties to the contract, has had the consideration of this court at the present term in the case of *Bevans* v. *Murray,* 251 Ill. 603, and that question is there determined contrary to the contention of plaintiff in error.

That authority disposes of this contention in all respects, except in the case at bar the court decreed that in case the plaintiff in error neglected or refused to execute the deed, on payment of the balance due, within a specified time, the master in chancery should execute a conveyance. Plaintiff in error insists that while the court had the power to require plaintiff in error to execute the deed, it had no power to order the master in chancery to do so. We see no reason for this distinction. The alternative order requiring the master to execute the deed was only in furtherance of the relief sought, and insured the execution of the decree whether plaintiff in error was willing to carry out the order of the court or not.

We are of the opinion that plaintiff in error's position as to the amount allowed defendant in error as credits upon his notes should be sustained. The partnership agreement between the parties contains the following clause: "Party of the first part and second part on this date enter into an equal partnership for the purpose of real estate dealing, and agree to share equally in the profits of any sale or trade made by one or both parties." Aside from the general agency which each partner has, by implication of law, to represent and bind the partnership by contracts within the scope of the partnership business, the clause above quoted from the agreement clearly recognizes the right and authority of each partner to sell real estate belonging to the co-partnership. Plaintiff in error in the sale of 120 acres of partnership land was clearly acting within the implied powers given him under the law as well as those expressed in the written contract. The sale being within his power and he having the right to exercise his judgment and discretion as to the sale and the price at which it was to be made, it would be highly inequitable to hold him responsible for a mistake in judgment as to the value of the property sold, in the absence of any proof tending to show that he acted fraudulently or in bad faith

with his partner. There is no evidence whatever which in any degree tends to show that plaintiff in error did not act in good faith and with entire fidelity to what he believed to be the best interest of both parties in making this sale. If he did so act he should only be required to account for the proceeds of the sale actually received. Much evidence was heard by the court below as to the actual value of this 120 acres of land. This testimony is conflicting. The land is low, level hard-pan, which is said to be well adapted to the growth of rice but is entirely worthless for any other purpose. The evidence shows that rice culture in that locality has only recently been attempted, and that it is still so far in the experimental state that no fixed value can be placed upon land in view of its supposed adaptability to the growth of that product. The estimates of the various witnesses upon the value of this land were influenced by their faith or want of faith in the ultimate success of rice culture in that locality rather than upon a knowledge of actual sales of similar lands. The highest value placed on this land by any witness is $30 per acre, and this figure was only named by defendant in error. Other witnesses residing in Jefferson county, Illinois, whose knowledge was limited to such as was acquired by a brief sojourn of two or three days in Arkansas, during which time they hunted quails on lands adjoining the tract in question, fixed the value at $20 to $25 per acre. Witnesses for plaintiff in error fixed the value at from $5 to $12 per acre. Plaintiff in error himself testifies that $10 an acre (the price at which he sold the land) was a fair cash value, and he is corroborated in this statement by the testimony of other witnesses. While we do not regard the question now under consideration as open for determination by the preponderance of the testimony as to actual value, still, if it were to be thus determined, we are impressed that the preponderance of the reliable testimony is contrary to the conclusion reached by the court below. In our opinion th

plaintiff in error should only be required to account for one-half of the purchase money received for the sale of this land.

We are also of the opinion that the court erred in charging plaintiff in error with the additional commissions on the sale of Jefferson county real estate. So far as the item of $33.35 commission on the Watkins sale is concerned, the commission on that sale was included in the settlement. Defendant in error contends that the commission on that sale was to be $100. Plaintiff in error denies this and testifies that it was to be only $66.65. Plaintiff in error is corroborated by the settlement agreement. If the commission on this sale was to be $100, defendant in error should have claimed that amount when he made his settlement.

The item of $50 claimed by defendant in error as commission on the Culli and McAtee deal should not have been allowed, for the reason that this item was due, if at all, at the time the settlement was made. Plaintiff in error testifies that he did not owe this amount, or any other amount, on account of that deal, and defendant in error admits in his testimony that at the time the settlement was made he did not intend to charge any commission for what he did in connection with the Culli and McAtee deal. The evidence convinces us that this item is not a valid claim and that it was an afterthought, brought into the account to reduce the amount defendant in error owes on his notes.

For the errors above pointed out, the decree of the circuit court of Jefferson county is reversed and the cause remanded for further proceedings in accordance with the views herein expressed.        *Reversed and remanded.*