A. KNEISEL *et al. vs.* URSUS MOTOR COMPANY.—(THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* LESLIE A. GILMORE, Plaintiff in Error.)

*Opinion filed February 17, 1925—Rehearing denied April 20, 1925.*

1. CONTEMPT—*facts stated in order of contempt in open court must be taken as true.* Where a party is adjudged guilty of contempt in open court, the order of the court setting out the facts constituting the direct contempt must be considered as true.

2. SAME—*the act, and not the intent, determines whether direct contempt is committed.* Whether a direct contempt is committed depends upon the act and not the alleged intention of the offending party.

3. SAME—*when filing petition in receivership suit constitutes a direct contempt.* The filing by an attorney, without leave of court, of a petition by the wife of the receiver in a suit in which the receivership estate was interested but to which she was not a party, which petition is addressed to the judges of the circuit court of Cook county and alleges that the judge before whom the suit was pending was biased and prejudiced and had wrongfully obtained and held property of the petitioner and had caused her husband to be indicted for embezzlement, and asking that the suit be heard by some impartial judge, constitutes a direct contempt of the court, as the act of 1913, (Laws of 1913, p. 254,) authorizing a suit, under certain circumstances, against a receiver without first obtaining leave of court has no application.

4. PRACTICE—*party cannot intervene in receivership suit without leave of court.* A person interested in a receivership suit but not a party thereto has no right to intervene without leave of the court before whom the case is pending.

5. RECEIVERS—*property in receiver's hands is in possession of court.* Assets in the hands of a receiver are in the possession of the law, and the possession of the receiver is the possession of the court appointing the receiver.

6. SAME—*claims to assets in hands of a receiver cannot be enforced without leave of court.* A person who claims assets in the hands of a receiver may be made a party to the suit in order that he may establish his claim, but to do so he must ask leave of the court appointing the receiver.

WRIT OF ERROR to the Second Division of the Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding.

ARTHUR M. FITZGERALD, for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, ROBERT E. CROWE, State's Attorney, ALBERT D. RODENBERG, EDWARD C. FITCH, and VIRGIL L. BLANDING, (ANGUS ROY SHANNON, and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

November 1, 1923, Judge Scanlan, of the circuit court of Cook county, adjudged Leslie A. Gilmore guilty of a direct contempt of court and sentenced him to seven days in jail and to pay a fine of $100. Gilmore sued out a writ of error from the Appellate Court, which court affirmed the order and judgment of the circuit court, and he has sued out of this court a writ of error to review the judgment of the Appellate Court.

Plaintiff in error is a lawyer, and the order of Judge Scanlan was entered in Kneisel *vs.* Ursus Motor Company, which was one of more than 200 suits in which Jacob Goldman had originally been appointed receiver but was later removed and the Chicago Title and Trust Company appointed receiver in his stead. The more than 200 receivership suits were pending before different judges, and because of Goldman's insolvency and his irregularities in connection with the assets of the estates, and because it was believed necessary to the discovery and recovery of the assets of the estates, it was deemed that Judge Scanlan, who had charge of some of the cases, in the course of which he had recovered a large amount of assets, should have charge of all the cases. Pursuant to the rule of the court relating to assignment of cases, all the receivership cases, 298 in all,

were assigned and transferred to Judge Scanlan. As above stated, Goldman was removed as receiver and the Chicago Title and Trust Company appointed to succeed him. Much time was consumed and many hearings had before Judge Scanlan in discovering assets received by Goldman and separating them among the respective estates entitled to them. Plaintiff in error represented Goldman in several of the cases, attended and took part in the hearings before Judge Scanlan and was familiar with the whole situation. It appears that Ida Goldman, wife of Jacob Goldman, became involved with her husband in some of the transactions, and she was indicted by the grand jury for receiving stolen property. Goldman was indicted for embezzlement and larceny of property of receivership estates.

On the 26th day of October, 1923, plaintiff in error filed the petition of Ida Goldman with the clerk of the court without having previously asked leave. Ida Goldman was not a party in the receivership matter of Kneisel *vs.* Ursus Motor Company, which was the case in which the petition was filed. The petition alleged that Ida Goldman was the owner of jewelry described, $1500 in money and a lot of household furniture stored in a certain warehouse named; that petitioner's husband had since 1915 made her a monthly allowance of $300 and from time to time given her other sums of money, which she kept in a savings bank account and used in purchasing the property she claimed; that in April, 1923, at the request of her son, Harold, she surrendered the jewelry to him, which her son informed her he delivered to Cameron Latter, who delivered it to Lloyd Whitman, who on the same day surrendered it in open court to Judge Scanlan while the case of Kneisel *vs.* Ursus Motor Company was being considered by the court; that she was not advised the jewelry was to be turned over to the court and did not intend to divest herself of title to it; that she had demanded it be returned to her but her demand was refused; that she delivered to her son, Harold, $1500 in

money, with specific directions to disburse the same so as to procure the release of her husband from jail;. that Judge Scanlan by threats took the money from the man to whom her son entrusted it and turned it over to the Chicago Title and Trust Company, successor to petitioner's husband as receiver in the cause referred to and other causes in which her husband had been receiver, and the money is now in the custody of the court; that the appropriation of the $1500 by the court was without her knowledge and consent, had never been ratified, and she protests against the right and power of the court to keep the money and demands that the same be returned to her; that Judge Scanlan, while presiding in the cause mentioned, entered an order of injunction or restraint against the David Fireproof Storage Warehouse, restraining it from delivering to petitioner a large amount of household and kitchen furniture, listed and described, which she alleges belonged to her; that Judge Scanlan had no right or power to issue the injunction or prevent her from possessing herself of her furniture, and that the injunction is void for want of jurisdiction over the person of petitioner and the subject matter; that the conduct of Judge Scanlan in the matter of taking custody of the jewelry and turning it over to the Chicago Title and Trust Company and taking the $1500 in money was wrongful, oppressive and without authority of law and was in excess of the power of said court, as was also the injunction restraining the storage company from delivering her property to her, and should be vacated and set aside; that Judge Scanlan, well knowing petitioner was the wife of Jacob Goldman, with whom she lived, and of her right to accept gifts of money, jewels or household effects from her husband, and that her receipt and custody of the same would not subject her to the crime of receiving stolen property, appeared before the State's attorney and the grand jury of Cook county and caused the indictment of petitioner for the crime of receiving stolen property, and also caused the

indictment of petitioner's husband for the crime of embezzlement and larceny; that Judge Scanlan knew at the time Goldman had not been adjudged to have or hold any money or property in any of the pending receivership causes which he had been ordered to pay over and deliver to any party entitled thereto; that Judge Scanlan had been specially designated by the executive committee of the court to hear and determine matters in controversy in Kneisel *vs*. Ursus Motor Company, in which cause and other causes Goldman was appointed receiver, but said judge had manifested his bias, prejudice and animosity against petitioner and her husband and was not a fit and proper person to preside at the hearing of any matter concerning the right and interest of petitioner; that the court should safeguard her rights by directing a hearing of the petition by some judge of the court who would accord her a just, fair and impartial hearing and determination of her rights. The petition prayed that it be referred to some impartial judge of the court for hearing and determination, and that the Chicago Title and Trust Company be required to answer the petition and show cause, if any it had, why petitioner should not have her property restored to her.

The petition was addressed to the judges of the circuit court of Cook county. It was presented to the chief justice of the circuit court, who informed plaintiff in error the cause had been regularly assigned to Judge Scanlan and that he must appear before him with the petition. The petition was presented to Judge Scanlan the following day, October 27, which appears to have been the first time he had heard of it.

The order of Judge Scanlan November 1, 1923, adjudging plaintiff in error guilty of contempt, is the entire record to be reviewed by this court. The order sets out the petition of Ida Goldman in full, the assignment of the receivership cases to Judge Scanlan, plaintiff in error's admitted knowledge that the cases had been so assigned, and

his participation in numerous hearings in said cases before said judge before the petition was filed. The order further sets out that the cases were pending, undisposed of; that Jacob Goldman, receiver in said causes, was removed May 14, 1923, and the Chicago Title and Trust Company appointed his successor as receiver in all of said cases; that the accounts of Goldman were in such confusion that it became necessary to discover and recover assets of the estates and bring under the control of the receiver all the commingled assets and determine the estate they belonged to, and to that end hearings had been had for several months in which plaintiff in error participated as attorney for Goldman, and that he was attorney for Goldman and his wife in certain criminal proceedings against them in the criminal court of Cook county. The order recites assets in excess of $100,000 had been recovered, in which the estate in Kneisel *vs.* Ursus Motor Company had a substantial interest, and it was necessary that Judge Scanlan retain jurisdiction in all of said cases. Ida Goldman was not a party to any of said suits. Her petition was filed without leave having been applied for or obtained, and was addressed "To the honorable judges of the circuit court of Cook county and State of Illinois," and was presented, on the day it was filed, to the chief justice of the circuit court, with the request that it be assigned to some judge other than Judge Scanlan for hearing.

The order of Judge Scanlan sets out the facts constituting the contempt and must be considered as true. (*People* v. *Hogan*, 256 Ill. 496; *People* v. *Gard*, 259 id. 238; *Ex parte Terry*, 128 U. S. 289.) It is unnecessary to cite authorities sustaining the power of courts to punish for contempt in open court or a direct contempt. Indeed, plaintiff in error does not in this court raise any question of the court's power or of the truth of the facts recited in the order. The sole question, therefore, is whether plaintiff in error was guilty of contempt in filing the petition. What

plaintiff in error did, if a contempt of court, was a direct contempt and justified a summary proceeding. Whether such a contempt has been committed depends upon the act and not the alleged intention of the offending party. *Coons* v. *State,* (Ind.) 20 A. L. R. 900.

Ida Goldman was not a party to the suit in which the petition was filed, (Kneisel *vs.* Ursus Motor Company,) and if her interest in the suit gave her a right to intervene she could not have done so except by leave of the court before whom the case was pending. (*Shannahan* v. *Stevens,* 139 Ill. 428; *Wightman* v. *Yaryan Co.* 217 id. 371.) The general rule, which is well understood, is that the possession of the receiver is the possession of the court appointing the receiver, and assets in the hands of the receiver are in the possession of the law, and claimants to the property can only enforce their claims by permission of the court appointing the receiver. It is permissible for a claimant to be made a party to the suit in order that he may establish his claim, but that must be done on motion or petition and leave granted. (*Davis* v. *Gray,* 16 Wall. 203; *Cobb* v. *Savings Bank,* 26 Ann. Cas. 547; 23 R. C. L. 54, 55.) The petition of Ida Goldman was in effect the beginning of a suit, without leave of the court, to recover property in the custody of the law and under the control of the court, which she claimed was her private property and had been unlawfully taken possession of by the court. Such action on her part, and on the part of plaintiff in error, who acted as her attorney, was a direct contempt of court. *Richards* v. *People,* 81 Ill. 551; *Sercomb* v. *Catlin,* 128 id. 556; *Mulcahey* v. *Strauss,* 151 id. 70; *St. Louis, Alton and Springfield Railroad Co.* v. *Hamilton,* 158 id. 366.

The law governing this case as it was announced in the above cases and by courts generally was not changed by the statute enacted in 1913, which provides that receivers may be sued "in respect of any act or transaction of his in carrying on the business connected with such property,"

without previous leave of the court in which the receiver was appointed. (Laws of 1913, p. 254.) That statute has no application to an action like that of Ida Goldman, who sought to enforce her claim of title to property in the possession of the receiver as a trust fund, to be administered by the court for the benefit of the estate and its creditors. It did not relate to any act of the receiver "in carrying on the business connected with such property." A practically identical Federal statute has been held by the Federal courts not to authorize bringing suit, without leave of the court, affecting property in the hands of a receiver. *Central Trust Co.* v. *Wheeling and Lake Erie Railroad Co.* 189 Fed. 82; *American Loan and Trust Co.* v. *Central Vermont Railroad Co.* 84 id. 917.

Plaintiff in error contends that it was the legal and constitutional right of Ida Goldman, and of him as her attorney, to file the petition claiming her property, to set forth in the petition the manner in which Judge Scanlan had reduced the property to his receiver's possession, and to set forth the activities of Judge Scanlan in securing the indictment of petitioner and her husband, his bias, prejudice and animosity toward them and appeal to the circuit court to interfere and afford her a hearing before an impartial judge. Unquestionably Ida Goldman had a right to have her claim of title to the property determined on its merits by an impartial court, but there was a lawful and orderly way for her to do that. She and plaintiff in error knew the property was in the hands of the receiver and under the control of Judge Scanlan. Without applying for leave to do so, they filed the petition, addressed to the judges of the circuit court of Cook county, asking that the matter be taken from the control of Judge Scanlan. Plaintiff in error is a lawyer of ability. He knew that was not the authorized and lawful way to proceed. He knew the petition, which presumably he prepared, contained language which was degrading and scandalizing to Judge Scanlan. None

of those matters were relevant to a proper application for leave to claim and have determined her title to the property. If Judge Scanlan had been guilty of the acts charged against him in the petition Ida Goldman would naturally feel that she preferred to have her claim determined by some other judge, and if she had presented to Judge Scanlan her petition for leave to intervene and have her title to the property adjudicated, she could have applied for a change of venue on the ground of the prejudice of Judge Scanlan and had her petition acted upon by another judge. No one could defend a judge who was guilty of the acts charged against Judge Scanlan. The charges are not accompanied by any supporting facts, but such charges, even if true, were not essential to the preservation of the rights of the petitioner. Whether or not, in pursuing the method plaintiff in error and his client adopted, the intention was to embarrass the court and obstruct justice, it was an appropriate procedure if that had been the intention. There are many decisions of this and other courts upon the subject of direct contempt of court, and among them we would refer to *Yates* v. *Lansing,* 5 Johns. 282, *Coons* v. *State, supra, Kerr* v. *State,* 141 N. E. 308, and *In re Chartz,* 5 L. R. A. (N. S.) 916, as being worthy of some notice. The reasons given in the petition for filing it without leave of the court and presenting it to the chief justice do not in the least mitigate the act of commencing the proceeding without having asked and obtained leave. The petition was signed by Ida Goldman but was prepared by counsel. The attorney who prepared and presented the petition is no less culpable than his client. *Lamberson* v. *Tulare County Superior Court,* 11 L. R. A. (N. S.) 619; *Hughes* v. *People,* 5 Colo. 436; *Huggins* v. *Field,* (Ky.) 29 A. L. R. 1268.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*