Charles W. Case, Defendant in Error, v. Matthew McKirgan, Plaintiff in Error.

Gen. No. 7,726.

1. SPECIFIC PERFORMANCE—*execution for unpaid balance where subject matter without State.* On a vendor's bill for specific performance of a land contract the court has jurisdiction to order issuance of execution against the vendee for the unpaid balance on the contract, notwithstanding the subject matter of the contract was land situated without the State.

2. APPEAL AND ERROR—*when decree affirmed on remittitur.* Where on review of a decree on a vendor's bill for specific performance of a land contract it is conceded that the decree is incorrect in its finding as to the amount due complainant under the contract, for which execution was directed to issue, the Appellate Court will affirm the decree subject to remittitur by defendant in error of such admitted excess.

Error by defendant to the Circuit Court of Kendall county; the Hon. WILLIAM J. FULTON, Judge, presiding. Heard in this court at the October term, 1926. Affirmed with remittitur. Opinion filed February 1, 1927.

E. L. LYON, for plaintiff in error.

MIGHELL, GUNSUL & ALLEN, for defendant in error.

MR. PRESIDING JUSTICE PARTLOW delivered the opinion of the court.

Defendant in error, Charles W. Case, filed his bill in the circuit court of Kendall county against plaintiff in error, Matthew McKirgan, for the specific performance of a contract for the sale of real estate. An answer was filed. There was a hearing in open court before the chancellor, a decree was entered as prayed in the bill, and a writ of error has been prosecuted from this court to review the decree.

The facts are practically undisputed and are as follows: The defendant in error resides in Tilbury, Ontario, Canada, was engaged in the real estate business,

and had an option on the land described in the bill prior to the date the contract in question was executed. John Higgins resided at Odell, Illinois, and he and Case were engaged in selling Canadian land. Through the efforts of Higgins, plaintiff in error went to Canada, and on July 17, 1920, a written contract was entered into between defendant and plaintiff. The contract price was $23,275, payable $1,000 at the signing of the agreement secured by a note without interest payable October 1, 1920, $1,500 secured by a note without interest payable March 1, 1921, and the balance on March 3, 1921. Exchange was to be allowed on all money paid. The land was sold on the basis of 133 acres at $175 per acre, but was to be surveyed and paid for on the basis of the actual acreage. Plaintiff in error was to pay all taxes and assessments after January 1, 1921. Time of payment was to be the essence of the agreement, and unless the payments were punctually made, the contract was to be null and void, and defendant in error was to have the right to resell the land. On default in payment of any instalment, the whole purchase money should, at the option of defendant in error, become due and payable. Plaintiff in error was to examine the title at his own expense, was to have 90 days from the date of the contract for that purpose, and was to waive all objections to title not furnished in writing within 90 days. The seller agreed to convey a good title free of incumbrance, but was not required to produce any title deeds or original evidence of title, and if, without default, he was unable to make title then he could withdraw the contract on the payment of the amount paid thereon and the contract should be null and void. The contract was to be closed on March 3, 1921, at the office of defendant in error in Ontario. Should it appear that the title was not good under the laws of Ontario at the time fixed, defendant in error was to have one year in which to make the title good, but the closing of the contract

was not to be delayed on account thereof, provided the defendant in error executed a bond in the penal sum of the purchase price, to perfect the title, and to repay the purchase price if he was unable to do so. Possession was to be delivered on March 1, 1921. If either party should be in default, the other party was to have the right to enforce specific performance.

Plaintiff in error paid on the contract $4,500, and received a credit of $607.50, being the amount of exchange on American money, making a total credit on March 1, 1921, of $5,107.50. On March 1, 1921, plaintiff in error leased the land to a tenant for one year, who entered into possession under the lease and continued in possession until 1924. In March, 1922, defendant in error tendered to plaintiff in error a deed and demanded payment. Plaintiff in error failed to pay the balance but acknowledged the tender of the deed. During the time the tenant was in possession, Higgins and a son of the plaintiff in error, under the directions of the plaintiff in error, collected the rents, paid the taxes, paid the interest on two mortgages upon the land, made certain repairs and improvements, and, from 1921 to 1924, $2,020.86 remained in the hands of Higgins as rent for the premises as the property of plaintiff in error.

The only evidence in support of the bill was offered by defendant in error which was substantially in accordance with the facts as above set forth. At the conclusion of the evidence a decree was entered which found that on March 1, 1921, the day upon which the contract was to be closed, there was due defendant in error $18,167.50, together with interest thereon at the rate of 5 per cent per annum amounting to $3,633.50. The decree directed the payment of these sums by the plaintiff in error within 10 days of the date of the decree, and that defendant in error have execution against the plaintiff in error for these sums together with costs of suit.

The first error urged is that the decree finds the amount due, awards an execution in favor of defendant in error, and makes no provision for the sale of the land. In support of this contention it is insisted that the defendant in error elected to enforce his lien by a bill for specific performance, and having chosen that remedy he was required, under the law, to cause the land to be sold by a decree of court and the proceeds applied in satisfaction of the debt as far as they would go, and if the land did not sell for enough to pay the purchase price, such facts should have been reported to the court, and upon application he would have been entitled to a decree for the deficiency upon which an execution could have properly been issued. It is also insisted that to sustain the decree would be to abolish the distinction between law and equity; that if the defendant in error desired a judgment for the amount due with execution to collect it, an action of assumpsit would have been his proper remedy, but that he cannot accomplish the same thing by a bill in equity.

If plaintiff in error failed to perform his contract and make the payments according to its terms, the defendant in error, provided he was able and willing to perform his part of the contract, had the option to pursue one of three remedies: 1. He might sue in an action at law for the unpaid purchase price, obtain a judgment, and collect it by execution. 2. He might forfeit the contract and compel plaintiff in error to surrender the land. 3. He might, by a bill for specific performance, enforce his lien by a sale of the land to satisfy the balance due, and in the event the proceeds of the sale were not sufficient to pay the balance due, he might have a decree for the deficiency and execution to collect. *Andrews v. Sullivan*, 2 Gilm. (Ill.) 328; *Burger v. Potter*, 32 Ill. 66; *Corbus v. Teed*, 69 Ill. 205; *Wright v. Troutman*, 81 Ill. 374; *Robinson v. Appleton*, 124 Ill. 276; *Attebery v. Blair*, 244 Ill.

363; *Bear v. Fletcher,* 252 Ill. 206; *Wright v. Buchanan,* 287 Ill. 468.

In all of the cases above cited the land was located in Illinois, therefore the court had jurisdiction not only of the person of the defendant, but also had jurisdiction over the land and could order it sold. In this case the court had jurisdiction of the person of the plaintiff in error, but did not have jurisdiction over the land, and the question arises whether the court had jurisdiction to enforce its decree against the plaintiff in error by execution when it could not order a sale of the land.

Plaintiff in error admits that this was an executory contract, that the defendant in error had the legal title as security for the unpaid part of the purchase price, and that this was a lien on the land. A court of equity will decree specific performance of a real estate contract when it is valid at law and fairly entered into. *Anderson v. Anderson,* 251 Ill. 415. It has equal jurisdiction with a court of law to grant appropriate relief and enforce the contract. *Zempel v. Hughes,* 235 Ill. 424. A court of equity, having jurisdiction of a defendant, has power to decree a specific performance even where the land is not within the jurisdiction of the court and the court cannot order it sold. *Bevans v. Murray,* 251 Ill. 603; *Poole v. Koons,* 252 Ill. 49. Where a court of equity has jurisdiction it may determine all questions at issue, and it may grant adequate relief, although the relief could also be secured in an action at law. *Bourke v. Hefter,* 202 Ill. 321. Where a court of equity has jurisdiction of the defendant, who is the vendee, but the land is not within the jurisdiction of the court, the action may be *in personam* against the person of the defendant to enforce the decree by the equity powers of the court, and the remedy will not be *in rem* against the property. *Johnson v. Gibson,* 116 Ill. 294; *Hayes v. O'Brien,* 149 Ill. 403; *Bevans v. Murray,* 251 Ill. 603;

*Poole v. Koons,* 252 Ill. 49. A court of equity has all of the powers of a court of law to enforce its decree by an execution against the property of the defendant. *Warfield-Pratt-Howell Co. v. Williamson,* 233 Ill. 487.

The rule is announced as follows in 25 R. C. L. 325, sec. 141: "In recognition of the fact that a court of chancery cannot affect the title to real estate beyond its borders a distinction has been drawn between suits for specific performance brought by vendors and those instituted by vendees. In the latter case the hands of the court are clearly tied because the real estate is beyond its jurisdiction. But in the case of a vendor bringing suit the objection that the land is not within the jurisdiction is of little importance, since the court need only direct that the defendant pay the purchase price on the plaintiff's making tender of the conveyance."

In *O. W. Kerr Co. v. Nygren,* 114 Minn. 268, 130 N. W. 1112, a suit was brought by a vendor for the specific performance of a real estate contract, the land being located outside of the jurisdiction of the court. The court said: "The further contention, that the court has no jurisdiction of the subject-matter of the action, because the land is located in Canada, is not well taken. It is not necessary, in an action by the vendor for specific performance, that the land, or subject-matter of the contract sought to be enforced, be within the jurisdiction of the court, though the rule is different where the vendee seeks performance by decree of court. In such a case the court cannot decree a transfer of the title of land beyond its jurisdiction; but where the vendor brings the action, the whereabouts of the land is immaterial. The action is personal, and operates upon the person of defendant. The court requires a delivery to him of a valid conveyance of the land, and decrees that he thereupon pay the purchase price."

The only manner in which the court could enforce this decree against plaintiff in error was by° execution. The deed to the property had been tendered to plaintiff in error, and was held by defendant in error, for his benefit, to be delivered upon the payment of the balance due under the contract. No question is raised relative to the validity of the contract. Plaintiff in error had been in possession of the land for several years, he had rented the land, collected the rents, paid the taxes, and used the land as his own, but he had refused to complete the contract, pay the balance due, or accept the conveyance. The court had jurisdiction over the plaintiff in error, the decree as entered was within the equity powers of the court, the jurisdiction was ample to enforce the decree by execution against the plaintiff in error, and the decree was not erroneous in this respect.

The decree found that the balance due on the contract was $18,167.50, with $3,633.50 due as interest. It is conceded that these amounts were not correct, and that the correct amounts are $16,704.69, being the balance due on the contract, together with $3,352.94 interest. Defendant in error asks that a remittitur be entered for the difference between these amounts. It has been held in *Mulcahey v. Strauss,* 151 Ill. 70, and *Parmly v. Farrar,* 204 Ill. 38, that a remittitur may be entered and the decree affirmed.

The decree will be affirmed upon defendant in error making a remittitur as above specified.

*Decree affirmed with remittitur.*