## P. L. Jones, Plaintiff-Appellant, v. Earl S. Hodges, Defendant-Appellee.

### Gen. No. 9,950.

510

Opinion filed May 21, 1954. Released for publication June 7, 1954.

H. B. TUNNELL, of Litchfield, for appellant.

NOLL, TRAYNOR & HENDRICKS, of Springfield, for appellee.

MR. JUSTICE HIBBS delivered the opinion of the court.

Appellant, Jones, appealed to the Supreme Court from a judgment of the circuit court of Macoupin county entered in favor of the appellee, Earl S. Hodges, on February 18, 1953. The cause was transferred to this court for the reason that no freehold was involved. (1 Ill.2d 415.)

In 1942 the appellant, Jones, entered into a verbal contract with the appellee, Hodges, by the terms of

which the appellee was to institute suit in Macoupin county to set aside two deeds by which appellant's wife, Dora Zelmer Jones, had purported to convey property located in Carlinville, Illinois and in Morton county, North Dakota to her brother, Edward C. Mieher and to set aside two later deeds from Mieher to other defendants. By the terms of the agreement the expenses of the litigation were first to be deducted from the total recovery and Hodges was to receive as his fees fifty per cent of the balance so recovered. Later a written agreement to the same effect was signed. Suit was duly instituted and upon a hearing a decree was entered dismissing the complaint for want of equity. Upon appeal to the Supreme Court the decree was reversed on January 19, 1945 and the cause remanded for further proceedings not inconsistent with the opinion. (*Jones v. Robley,* 402 Ill. 302.) Afterwards on March 19, 1949 pursuant to the mandate of the Supreme Court the circuit court entered a decree in favor of Hodges, granting the relief sought by the complainant.

On March 21, 1949 Jones instituted the present action in the circuit court of Macoupin county, seeking a declaratory judgment that his agreement with Hodges, the attorney, and himself for attorney's fees to be paid for legal services in *Jones v. Robley* was void. The complaint prayed that the agreement be declared null and void and of no force and effect and that the defendant, Hodges, be found not entitled to any attorney's fees. Hodges filed an answer denying that the contract was null and void and prayed judgment for fifty per cent of all of the recovery less only one-half of the costs of trial. No counterclaim was filed by Hodges.

Upon a trial of the cause a judgment or decree was entered on March 14, 1951, finding that the agreement for legal services was valid and had not been breached by defendant; that defendant was entitled to receive

from the plaintiff, Jones, $80.50 which he had expended in prosecuting *Jones v. Robley*; that after deducting such amount from the total recovery by plaintiff in that cause, fifty per cent of the balance should be paid to defendant; that the sum adjudged to be due from the plaintiff should become a lien on all the real and personal property and moneys had by plaintiff as a total recovery in said suit and that execution issue therefor. Thereupon Jones appealed to this court where the order of the circuit court of Macoupin county was affirmed. (347 Ill. App. 436.) This court in the opinion there said: "Inasmuch as there has been no final determination of the amount of the net recovery to plaintiff, the trial court could not render judgment in a definite and fixed amount; however, the formula and method of ascertainment is fixed and certain and provides a method of definite determination of the amount due defendant under the contract." A petition for leave to appeal to the Supreme Court was denied on September 12, 1952.

On December 23, 1952 Hodges served notice on the appellant that he would appear before the circuit court of Macoupin county on January 19, 1953 and present a motion in the cause to discover assets and for an accounting, a copy of which motion was attached to the notice. On January 19 such motion was filed and prayed that the receiver in *Jones v. Robley* and the master in chancery of that court be directed to submit to the court a report of the funds then in their hands as such respective officers, collected and received by them in the case of *Jones v. Robley,* and that Jones be examined to discover the nature, amount and value of all of the recovery in that cause, and that a money judgment in favor of Hodges be entered against Jones "in accordance with the formula and method of ascertainment as set forth in the decree" entered on March 14, 1951. On the same day, January 19, Hodges pro-

ceeded to take testimony under his motion. Appellant objected that the court was not authorized to hear the motion to discover assets, to examine the master in chancery, the receiver and P. L. Jones. During the course of the taking of such evidence counsel for Hodges suggested that the taking of testimony might be recessed until some convenient time for Jones' counsel. No motion was made by Jones' counsel to continue the hearing. At the conclusion of the hearing the court announced that there was due to Hodges the sum of $3,643.10 and the cause would be continued thirty days for the written order. At no time during the ensuing thirty days did the appellant request the court for leave to answer the motion to discover assets or to take any other step in the proceeding. On February 18, 1953, pursuant to the announcement of the court on January 19, a written order was entered in the cause wherein the court found that after deducting $80.50, as provided by the decree theretofore entered on March 14, 1951, the total recovery had by plaintiff, Jones, in the suit of *Jones v. Robley* consisted of cash in the sum of $7,286.20 then on deposit with the master in chancery and the receiver, together with the 320 acres in Morton county, North Dakota, said real estate being owned by P. L. Jones subject to no liens or encumbrances. It was adjudged and decreed that Hodges have judgment against Jones in the sum of $3,643.10, to be paid out of the moneys on hand by said receiver and master, and that Hodges have a one-half interest in the 320 acres in Morton county, North Dakota. It was further adjudged and decreed that Jones convey a half interest in said premises to Hodges within ten days after the entry of the judgment, and upon failure so to do, that the master in chancery of Macoupin county make, execute and deliver to Hodges a good and sufficient deed conveying said one-half interest.

On this appeal from such judgment the appellant, Jones, contends that the trial court was without authority on January 19, 1953 to proceed to take testimony on the motion to discover assets and that the judgment entered on the following February 18 should be reversed. He says that further proceedings could only be had by petition for order to show cause why further relief should not be granted, upon such reasonable notice as the court, by its order, should prescribe.

Section 57½ of the Civil Practice Act, being par. 181.1 of chap. 110, Rev. Stat. 1953 [Jones Ill. Stats. Ann. 104.057(1)] by subparagraph 1 thereof authorizes the entry of declaratory judgments and decrees. Subparagraph 3 provides: "Where further relief based upon a declaration of right shall become necessary or proper after such declaration has been made, application may be made by petition to any, court having jurisdiction to grant such relief, for an order directed to any party or parties whose rights have been determined by such declaration to show cause why such further relief should not be granted forthwith, upon such reasonable notice as shall be prescribed by the court in the said order."

Subparagraph 4 provides: "When a proceeding under this section involves the determination of issues of fact triable by a jury, such issues shall be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending."

■■■■ A declaratory judgment was unknown to the common law, is a creature of the statute and the Act providing for such an adjudication is to be liberally construed. (*Freeport Motor Casualty Company v. Tharp,* 406 Ill. 295; *Saline Branch Drainage District v. Urbana Champaign Sanitary District,* 399 Ill. 189.) The provisions of the statute are to be strictly complied with and the prescribed rules of procedure followed.

(*Freeport Motor Casualty Company v. Tharp*, 406 Ill. 295.) A suit for declaratory judgment is neither legal nor equitable but is *sui generis*. (*Great Northern Life Insurance Company v. Vince*, 118 F.2d 232; certiorari denied, 314 U. S. 637, 86 L. Ed. 511, 62 S. Ct. 71.)

Appellant relies on the two above quoted subparagraphs in his charge that the court on January 19, 1953 was without authority to proceed in the cause.

If the judgment or decree on the original hearing entered on March 14, 1951 merely found that the contract was a good, valid and subsisting one, there would be much force in appellant's contention. However, at that time the court not only denied the relief prayed for by the plaintiff but proceeded to grant relief to the defendant, Hodges, upon the prayer in his answer for affirmative relief and in March 1951 entered the judgment reviewed by this court in 347 Ill. App. 436 as above set forth.

█ The finding and judgment of the circuit court of Macoupin county granting such relief is now *res judicata*. Neither the appellant nor the appellee may now question the procedure there followed nor the right, authority or jurisdiction of the court to enter the judgment.

No doubt, if the exact amount of the recovery had then been known it would have been specified and a judgment entered for such amount. As said when this cause was first before the court: "The formula and method of ascertainment is fixed and provides a method of final determination of the amount due under the contract." All that remained to be accomplished was the ascertainment of the amount due and provide for its payment or satisfaction.

█ In view of the former determination of the court we believe that the motion filed to discover assets and the procedure adopted was not erroneous. Under

the circumstances, it was not necessary for Hodges to make application for further relief under subparagraph 3 of sec. 57½ of the Civil Practice Act.

 It is next contended by appellant that the judgment appealed from completely modified, amended and changed the decree of March 14, 1951 in matters of substance to the prejudice of appellant's rights. With this view we cannot agree. The court in the judgment or decree entered March 14, 1951 established the right of recovery, the formula for arriving at the sum or property due and made the amount due a lien on all the property recovered in *Jones v. Robley*. The creation of the lien was for the purpose of holding the matter in *statu quo* until the exact amount of the whole recovery could be ascertained. By the judgment or decree appealed from the court did not modify the formula but determined the amount of money recovery and that a full fee simple title without any encumbrances to the 320 acres in North Dakota should be vested in the appellant. It then provided by its judgment for the payment of the money due under the contract and a conveyance of the interest of appellee in the North Dakota land. There is no merit in the contention appellee now has a lien on a one-half interest and by the decree is to receive a deed to the other one-half.

 Complaint is made that the master in chancery holding funds recovered in *Jones v. Robley* and the receiver in that cause were not parties to this proceeding and the court was without authority to direct payment by them to the appellee of the money judgment. Clerks of court, masters in chancery and receivers are officers of the respective courts that appoint them and any property in their hands is in the custody of the court for the parties ultimately entitled thereto. (*Kneisel v. Ursus Motor Company,* 316 Ill. 336, 147 N. E. 243; *Baltimore & O. R. Co. v. Gaulter,* 165 Ill.

233.) In this cause the only persons entitled to the funds in the hands of the master in chancery and the receiver were Jones and Hodges. The master in chancery and the receiver were officers of the court in the case of *Jones v. Robley* and they held the money and property subject to the order and direction of the court which appointed them, which was the same court that entered the two judgments in this case. Under the circumstances, the court had full power and authority in this suit between the only parties entitled to the money and property recovered to direct how the same should be distributed.

Appellant insists that it was necessary for appellee to file a counterclaim before the latter was entitled to any affirmative relief. It is now too late to raise that question. It might have been raised when the appellee failed to file a counterclaim when he answered the suit in the first instance. The court having granted affirmative and further relief to appellee by its decree of March 14, 1951 and the same having been affirmed, that decree or judgment is *res judicata*. It is now too late to object that no counterclaim was filed.

Lastly, it is contended that the court had no power or authority to direct the master to convey a one-half interest in the premises in North Dakota to appellee upon the default of the appellant to make such conveyance. That contention has received the attention of the Supreme Court in two cases; namely, *Bevans v. Murray*, 251 Ill. 603, 96 N. E. 546; and *Poole v. Koons*, 252 Ill. 49. In the *Bevans* case the court had jurisdiction by personal service of both plaintiff and defendant, and decreed that one of the parties convey certain real estate in the State of Indiana. It was there held that the court could by a decree *in personam* compel the execution of the conveyance, although the land itself was beyond the territorial jurisdiction of the

court. It further held in substance that upon the failure to make such deed, the court could "enforce such decree as is usual and customary in courts of chancery." In *Poole v. Koons, supra,* the court also had jurisdiction by personal service of the parties, plaintiff and defendant. It ordered the execution of a deed to land in the State of Arkansas to one of the parties and in default of such conveyance the master in chancery was ordered to make the deed on behalf of the offending party. A writ of error was sued out for the review of the decree. It was there contended by the plaintiff in error that while the court had power to require plaintiff in error to execute the deed it had no power to order the master in chancery to do so. The court referred to its holding in *Bevans v. Murray, supra,* and said in substance that it could see no reason for the distinction in ordering a party to make a conveyance of lands located in another state and in making a like order but further providing that in case of default of the execution of the deed by the party ordered so to do, the master in chancery should make, execute and deliver the conveyance. The court there say: "The alternative order requiring the Master to execute the deed was only in furtherance of the relief sought and insured the execution of the decree, whether plaintiff in error was willing to carry out the order of the court or not."

The direction to the master in chancery to execute the deed to the appellee upon default of the appellant so to do was within the power and authority of the trial court.

*Judgment affirmed.*