Ralph A. VARONE, Defendant-Appellant,

v.

Alice E. VARONE, Plaintiff-Appellee.

No. 15393.

United States Court of Appeals Seventh Circuit.

March 18, 1966.

Ralph A. Varone, pro se.

John M. Moelmann and Paul L. Pawlowski, Chicago, Ill., for appellee.

Before DUFFY, SCHNACKENBERG and KILEY, Circuit Judges.

DUFFY, Circuit Judge.

This suit was originally brought in the Circuit Court of Cook County, Illinois, to enforce a Michigan divorce decree. Defendant removed the case to the United States District Court for the Northern District of Illinois, pursuant to Title 28 U.S.C. § 1441.

In July 1962, the divorce action in question was commenced by Alice E. Varone in the Circuit Court of Washtenaw County, Michigan against her husband Ralph. Ralph Varone was served with process. Through an attorney of his choice, he made a general appearance in the Michigan Circuit Court, and an answer to the complaint was filed which admitted Mrs. Varone's allegations that she was domiciled in Michigan. An amended complaint was later filed thereto, but no answer was filed thereto.

Mr. and Mrs. Varone had been residents of Chicago, Illinois. Mr. Varone states his occupation was as a consulting engineer in the aerospace and electronics industry. Having obtained a very high level position with Bendix Corporation in Ann Arbor, Michigan, in its engineering

management consulting service, Varone moved to Ann Arbor in December 1960. Alice Varone and the two Varone children followed in February 1961. The Varones constructed a house in Ann Arbor which they occupied as their home. The family continued to live in this home until a few days before the divorce suit was filed in July 1962, when Ralph Varone returned to Illinois. Mrs. Varone and the children remained in Michigan and they still reside in that state.

On July 9, 1964, the Circuit Court for Washtenaw County entered a final judgment in the divorce action which dissolved the marriage, and ordered Ralph Varone to convey to Alice Varone his interest in certain real estate located in Illinois which had been held by the Varones as tenants by the entireties. The Court ordered conveyance was to be subject to all encumbrances and liens which predated the filing of the divorce. There were mortgages existing on two of the properties which were ordered conveyed.

No appeal was taken from the divorce decree. Defendant Varone claims that he desired to appeal on jurisdictional grounds, but that his attorney did not advise him of the divorce decree until after the expiration of the time for filing his appeal.

Mrs. Varone's complaint in the instant case asked that the Michigan divorce decree be established in Illinois as a foreign judgment; that defendant be required to convey to her within a specified limited time, the Illinois real estate described in the decree, and that upon his failure to do so, a master in chancery be authorized to execute the necessary deeds.

In the District Court, plaintiff moved for a summary judgment. The defendant moved to dismiss the complaint on the ground that the Michigan court did not have jurisdiction to grant the divorce because plaintiff had not been a bona fide resident of the state of Michigan for the requisite statutory period. The District Court considered defendant's motion to dismiss as a motion for summary judgment. (Rule 12(b), F.R.Civ.P.)

In a carefully considered opinion, the District Court held that an Illinois court would enforce the Michigan court's decree hereinbefore described, and that the Michigan court had had in *personam* jurisdiction over the defendant to the extent it had ordered defendant to take certain actions. The District Court ordered a summary judgment for the plaintiff. It further ordered that the Michigan court's decree be established as a foreign judgment and that such judgment be given full faith and credit, and that Ralph Varone, within fifteen days of the date of the order, execute and deliver deeds to the property described in the divorce decree and in the District Court order.

Mr. Varone has been represented by three different attorneys with reference to the divorce suit brought by his wife. He now claims that negligent conduct by at least two of them in failing to bring the question of jurisdiction to the attention of the Circuit Court in Michigan, constituted a fraud upon him. On this appeal, he has acted *pro se* in preparing the briefs and in personally presenting oral argument.

Varone insists that he and his wife were only temporary residents of Michigan and as proof thereof, claims he continued to pay his federal income taxes through the Illinois collector. He also seems to argue that when he left their home in Michigan, leaving his wife and two children behind, he made it impossible for Mrs. Varone to show domicile in Michigan for the requisite period. He claims that his wife's domicile necessarily changed from Michigan to Illinois when he abruptly left Michigan just prior to the filing of the divorce complaint.

■ Ralph Varone makes the further argument that a Michigan court has no power or authority to order the conveyance of real estate in Illinois. However, Illinois cases are to the contrary. Bevans v. Murray, 251 Ill. 603, 623, 96 N.E. 546; Poole v. Koons, 252 Ill. 49, 53, 96 N.E. 556, and Jones v. Hodges, 2 Ill.App.2d 509, 518, 119 N.E.2d 806.

Mr. Varone claims that inasmuch as he was unable to persuade his attorneys to

raise the question of jurisdiction in the Circuit Court in Michigan, he wrote a letter on June 28, 1964, to the Circuit Judge in Michigan explaining why he considered the Court lacked jurisdiction over the divorce proceeding. In the letter, Mr. Varone stated he was then a legal resident of Washington, D. C., but had never been a resident of Michigan. Apparently Judge Breakey, the Circuit Judge, made no reply. The divorce decree was issued eleven days after the date of the letter.

There is no genuine issue relating to the fact that Ralph Varone was personally served with a summons in the Michigan divorce action, that he appeared in that action by counsel of his choice, and that he filed an answer personally signed by him. It therefore seems clear that the Michigan court had in *personam* jurisdiction over Ralph Varone. Likewise, there is no dispute as to the terms and conditions of the divorce decree.

■ We think the Michigan divorce decree including the part thereof which ordered Varone to convey his interest in certain Illinois real estate, is entitled to full faith and credit.[1]

The District Court correctly relied on Sherrer v. Sherrer, 334 U.S. 343, 68 S.Ct. 1087, 1097, 92 L.Ed. 1429. There, the plaintiff's wife sued for a divorce in Florida after having moved to that state from Massachusetts. Her husband appeared and denied the jurisdiction of the Florida court. Plaintiff introduced evidence of her Florida domicile. In a subsequent enforcement suit in Massachusetts, the husband sought to challenge the jurisdiction of the Florida court. The Supreme Court held that the Florida decree was entitled to full faith and credit because the husband had the opportunity to litigate the issue of jurisdiction in the Florida court and would not be given a second opportunity to litigate this issue.

Appellant Varone argues that the *Sherrer* case does not apply because he was given less than a full opportunity to contest the issue to his wife's domicile because of the fact that his attorneys did not properly raise that issue in the Michigan litigation.

Assuming that appellant has some legitimate complaint as to the manner in which one or two or all three of his attorneys represented him in the divorce case, he does not and could not claim that his wife was in any way responsible for such conduct.

Appellant succeeded in having this case transferred to the United States District Court on grounds of diversity of citizenship. The District Court correctly considered how an Illinois court would decide the question of jurisdiction in this case.

The Illinois rule is stated in In re Estate of Day (1955), 7 Ill.2d 348, 131 N.E. 2d 50. There, a divorced husband attempted to challenge a divorce decree which his wife had obtained in Nevada. In refusing to reopen the question of the validity of the Nevada divorce, the Illinois Supreme Court said, pages 351–352, 131 N.E.2d page 52: "If the circuit court was free to re-examine the matter of domicile we would sustain, as being amply supported by the evidence, its finding that Mrs. Allison failed to establish a domicile in Nevada. But the court was not free to retry that question. The Nevada decree recites that she was and had been a *bona fide* resident and a domiciliary [sic] of Nevada for the prescribed period of time; and it is undisputed that the defendant husband appeared in the suit through authorized counsel and had full opportunity to contest the jurisdictional issue. The rule may now be taken as established that the constitutional requirement of full faith and credit bars either party to a divorce from collaterally attacking the decree on jurisdictional grounds in the courts of a sister State,

---

1. Article 4, Section 1 of the United States Constitution provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. * * *"

where the defendant participated in the divorce proceedings and was accorded full opportunity to contest the jurisdictional issues * * *."

We have only the unsupported word of appellant that none of his three attorneys presented to the Michigan court the question of jurisdiction in the manner and form which he, as a layman, considered proper and adequate. We do know the appellant's views were communicated to the Michigan judge prior to the date of the decree.

Under the circumstances of this case, we hold that appellant may not collaterally attack the Michigan divorce decree, and that the judgment of the District Court must be and is

Affirmed.