HUDSON LETTER CO. *v.* RACETTE.

1. PARTNERSHIP—DEFINITION IN LANGUAGE OF UNIFORM PARTNERSHIP ACT SUFFICIENT.

Where, on the issue as to whether defendants were partners, the trial court defined a partnership in the exact language of the uniform partnership act (Comp. Laws Supp. 1922, § 7966 [6] *et seq.*), further explanation of the rule was not called for under the circumstances of the instant case.

2. SAME—QUESTION OF PARTNERSHIP FOR THE JURY.

Testimony of one of the defendants who denied that a partnership existed, *held,* sufficient to take to the jury the question of partnership.

3. SAME—PLEADING—FAILURE TO ALLEGE PARTNERSHIP DID NOT
   PREVENT ESTABLISHING JOINT LIABILITY AS PARTNERS.
   > That the declaration was in assumpsit and did not allege a part-
   > nership did not prevent plaintiff from establishing the joint
   > liability of defendants by reason of a partnership.

4. SAME—PARTNER LIABLE FOR SERVICES RENDERED PARTNERSHIP
   ALTHOUGH ONE RENDERING THEM WAS NOT AWARE OF RELATION-
   SHIP AT TIME.
   > If defendant was a partner he is liable for services rendered to
   > the partnership, although the one rendering them was not
   > aware of such relationship at the time the services were ren-
   > dered.

Error to Van Buren; Warner (Glenn E.), J. Sub-
mitted June 13, 1928. (Docket No. 109, Calendar
No. 33,452.) Decided October 1, 1928.

Assumpsit by the Hudson Letter Company against
F. A. Racette and Chester G. Campbell for services
rendered. Judgment for plaintiff. Defendant Ra-
cette brings error. Affirmed.

*W. J. Barnard,* for appellant.

*David Anderson* and *Beck, Hooper & Lockton,* for
appellee.

WIEST, J. Chester Campbell, under the names
Campbell Service and Model Garden Club, con-
ducted a mail order nursery stock and seed sale
business. Needing money, he borrowed from F. A.
Racette and this, under several agreements, led to
control of the business by Mr. Racette and right to
participation in the profits. The Campbell Service
became indebted to the Hudson Letter Company for
services rendered, and that company brought this
suit against Campbell and Racette and obtained

judgment on the ground that they were partners conducting the Campbell Service. The liability of Mr. Campbell is not contested, but Mr. Racette reviews by writ of error and insists there was no evidence of a partnership and the court was in error in leaving that question to the jury, and also in defining to the jury what constitutes a partnership. Upon the latter point counsel for plaintiff claim the court defined a partnership in the exact language of the uniform partnership act, and insist that, if such definition should have been amplified, counsel for defendant Racette ought to have preferred a request to that effect, or at least have challenged the attention of the court to such need.

The uniform partnership act (Comp. Laws Supp. 1922, § 7966 [6] *et seq.*) undertakes a comprehensive definition of what constitutes a partnership and no more need be said, unless application to particular circumstances demands further explanation. We do not think that the circumstances involved herein called for further explanation of the rule.

Examination of this record discloses evidence sustaining the verdict of the jury. The evidence clearly shows that the Campbell Service and the Model Garden Club were counterparts of a single business. Mr. Racette controlled the business, and his interest therein went beyond that of a mere creditor employing means and methods of obtaining repayment of a loan. Mr. Racette claims the service rendered by plaintiff was contracted by Mr. Campbell before he became interested, but the evidence shows he availed himself of the service after he became associated with Mr. Campbell. The writings between Mr. Campbell and Mr. Racette do not dispose of the question of partnership relation. The following

testimony of Mr. Racette sent the question of partnership to the jury:

"At the time I entered into contract of December 21, 1923—Exhibit 23—Campbell was indebted $2,400 and the contract provides I should have full control of the finances of the Model Garden Club, yes, sir; and that Chester G. Campbell was managing it for me. He was my manager, yes, sir. After I got my debt paid and my money, $750, that I was to advance—there was a division of profits after that half and half after he had paid the note. As a matter of fact the agreement amounted to this: That the debts of the Model Garden Club should be paid, yes; and after the debt was paid profits were to be equally divided between me and Chester Campbell, yes, sir, and this business was being conducted on that basis of Campbell managing it for me."

The declaration was in assumpsit and did not allege a partnership. This, however, did not prevent the plaintiff from establishing the joint liability of defendants by reason of a partnership.

The point is made that plaintiff was not aware of the fact that Mr. Racette was interested in the Campbell Service. If Mr. Racette was a partner in the Campbell Service he is liable to plaintiff, even though plaintiff was not aware of such relation at the time the services were rendered.

We find no reversible error and the judgment is affirmed, with costs to plaintiff.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.