O'CONNOR *v.* VANDER VEEN.

1. PARTNERSHIP—LIABLE FOR PARTNERSHIP MATERIAL ORDERED BY PARTNER.

Seller of material ordered by partner for partnership had right to look to partnership for pay, although unaware of partnership relation at time material was furnished.

2. GARNISHMENT—RECEIVERS.

Writ of garnishment against debtor, issued after appointment of receiver without permission of court, fastened no lien and worked no preference.

3. MUNICIPAL CORPORATIONS—RIGHT OF MATERIALMAN TO LOOK TO SURETIES ON CONTRACTOR'S BOND—NOTICE.

Where company furnishing cement for city paving contract failed to give city notice as required by Act No. 384, Pub. Acts 1925, it could not look to sureties on contractor's bond given to protect materialmen.

4. SAME—JURISDICTION—PLEADING—PARTIES.

Where city, sureties, and materialman intervened or were impleaded in receivership proceedings against paving contractor, and evidence was offered on issue of materialman's right to look to sureties on contractor's bond, court had jurisdiction to make adjudication denying such right on finding that materialman had failed to give statutory notice to city.

Appeal from Kent; Perkins (Willis B.), J. Submitted October 31, 1930. (Docket No. 31, Calendar No. 34,869.) Decided January 7, 1931.

Bill by William G. O'Connor against Howard VanderVeen for appointment of a receiver and an accounting of partnership funds. Upon petition of the City of Grand Rapids, a municipal corporation, debtor, Wabash Portland Cement Company, and others, creditors and sureties, were impleaded. From decree disallowing preference to the Cement company's claim, it appeals. Affirmed.

*McAllister & McAllister,* for receiver.

*Travis, Merrick, Johnson & McCobb,* for Wabash Portland Cement Company.

*William J. Landman,* for intervening defendants Loomis & Mauzy.

*Norris, McPherson, Harrington & Waer,* for intervening defendant Hartford Accident & Indemnity Co.

*Knappen, Uhl, Bryant & Snow,* for intervening defendants P. W. O'Connor, P. Van Dommelen and W. H. Anderson.

WIEST, J. This is an appeal by the Wabash Portland Cement Company from a decree adjudging it to be a general and not a preferred creditor of O'Connor & VanderVeen, a copartnership. The cement company asserts preference because of reliance upon individual contracts, as hereinafter mentioned, without knowledge of the partnership, and, therefore, claims right to look to individual assets

of O'Connor and VanderVeen and come ahead of general creditors of the copartnership. Other claims of the cement company will be mentioned in the course of this opinion.

Plaintiff filed the bill herein to dissolve the copartnership, have an accounting, restrain Vander-Veen from collecting from the city, and for the appointment of a receiver to take charge of the partnership affairs, complete the city contracts, collect the contract prices, and pay the creditors.

Plaintiff entered into separate contracts to pave eight streets in the city of Grand Rapids. Defendants P. W. O'Connor, Peter Van Dommelen, and W. H. Anderson were sureties upon his bonds, given in compliance with the provisions of Act No. 384, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13132–13136). Defendant VanderVeen entered into separate contracts to pave four streets in the city of Grand Rapids. Defendant Hartford Accident & Indemnity Company was surety upon his bonds. After entering into the mentioned individual contracts, plaintiff and defendant VanderVeen pooled their interests by way of a copartnership. Thereafter each ordered material from defendant Wabash Portland Cement Company and used the same indiscriminately in carrying out the contracts with the city.

The court appointed defendant Grand Rapids Trust Company receiver, and empowered it to take over the business and complete the contracts of O'Connor & VanderVeen and ordered all creditors to file their claims with the receiver. The receiver continued with the paving contracts, and filed a petition setting forth that certain moneys were due from the city and asked the court to order the city to pay such moneys to the receiver. In answer to

the petition, the city averred claims pending for labor and materials, and, by petition, asked that all creditors be impleaded as parties defendant, have their claims determined, and that the city be allowed to pay into court any balance due under the contracts. This was done.

After appointment of the receiver, the Wabash Portland Cement Company brought suit against defendant VanderVeen, secured a judgment, and caused a writ of garnishment to be issued against the city of Grand Rapids. In response to the writ, the city made disclosure, denying indebtedness to defendant VanderVeen, except conditionally, averred the pendency of the chancery suit and the appointment of a receiver and restraint imposed upon paying any money to defendant VanderVeen. No further proceedings were had under the garnishment. The court appointed a special master to hear claims and report thereon. The Wabash Portland Cement Company presented and verified its claim against the partnership, but later amended the claim as follows:

"That the materials furnished by this claimant, out of which its claim against the partnership in the amount of eleven thousand one hundred forty-five and 48-100 dollars ($11,145.48) arose, were furnished to William G. O'Connor and to Howard VanderVeen as individuals; that Portland cement was furnished by this claimant to William G. O'Connor to the value of three thousand nine hundred eighty-nine and 29-100 dollars ($3,989.29), and to Howard VanderVeen to the value of seven thousand one hundred fifty-six and 19-100 dollars ($7,156.19).

"That the cement so furnished to William G. O'Connor and to Howard VanderVeen as individuals, was thereafter used by the partnership composed of William G. O'Connor and Howard Vander-

Veen, whereby and whereupon the said partnership became indebted to the said Wabash Portland Cement Company, claimant herein, in the sum of $11,145.48, no part of which has been paid.

"That this claim is made against the said partnership without in any way releasing the said William G. O'Connor and Howard VanderVeen from their liability as individuals to Wabash Portland Cement Company."

The master allowed the claim in full against the copartnership, made report to the court of such fact, and the report was confirmed.

It is the claim of the Wabash Portland Cement Company:

"1. That it extended credit to William G. O'Connor and Howard VanderVeen as individuals, having no knowledge of any alleged copartnership between them, and consequently that it has preferred claims against the funds derived from the individual contracts of these parties, which claims are prior to those of partnership creditors or to the rights of the receiver.

"2. That it has a valid garnishment against the funds derived from the contracts of Howard VanderVeen which gives it a lien on said funds prior to all other parties.

"3. That the court had no jurisdiction in this case to pass upon the liability of the sureties."

If the material was ordered by one partner for the business of the partnership, and so used, the cement company had a right to look to the partnership for pay, even though unaware of the partnership relation at the time of furnishing the material. *Hudson Letter Co.* v. *Racette,* 244 Mich. 144.

The cement was furnished after the formation of the copartnership, and the evidence discloses facts

from which the cement company was bound to notice that it was furnishing material to a copartnership.

At the time the writ of garnishment issued the receiver was empowered to reduce to his possession any and all money due from the city under the paving contracts, and the Wabash Portland Cement Company had no right to attempt interference therewith by writ of garnishment, unless permitted to do so by the court. No such permission was asked or granted, and counsel for the receiver contends that, under such circumstances, the taking out and serving the writ was a contempt of court. Counsel cites High on Receivers (4th Ed.), § 164:

"Thus, one who, with full knowledge of the appointment of a receiver, attempts by garnishee proceedings to reach credits which are due to the receiver, but of which he has not yet obtained possession, will be punished for contempt of court."

This text is fully supported by *Richards* v. *People,* 81 Ill. 551, cited by the author. We need but say that the writ of garnishment fastened no lien and worked no preference.

Was the court in error in adjudging that the Wabash Portland Cement Company, by reason of failure to give the notice required by Act No. 384, Pub. Acts 1925 (3 Comp. Laws 1929, §§ 13132–13136), could not look to the sureties on the bonds given by the contractors to protect the materialmen?

The city intervened and impleaded the sureties. The sureties intervened and filed answers presenting the questions of their rights and liabilities. The Wabash Portland Cement Company intervened, and, by its pleading, claimed right to recover against the sureties.

Evidence was introduced upon the question of the liability of the sureties, and the court adjudged liability as to creditors giving the statutory notice and found that the Wabash Portland Cement Company had not given the required notice to the city, and, therefore, that company could not look to the sureties.

The pleadings presented the question, and evidence having been offered upon such issue, the court had jurisdiction to make the adjudication.

The decree in the circuit is affirmed, with costs against the Wabash Portland Cement Company.

BUTZEL, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.