CLARA T. GRIGOLEIT, Plaintiff, *v.* ERNEST W. GRIGOLEIT, Defendant.

Supreme Court, Special Term for Trials, Suffolk County, May 28, 1954.

*Frederick K. Hackett* for plaintiff.

*Jacob Bendersky* and *Sidney Hoffman* for defendant.

RITCHIE, J. In this partition action the parties have stipulated to try the preliminary issue of the validity of a Florida divorce decree obtained by the plaintiff against the defendant, and if

it is found to be valid, its effect upon the property rights of the parties in real property situated in this State.

It appears that at the time the decree was obtained the plaintiff and defendant owned the premises which are the subject matter of this action as tenants by the entirety and the plaintiff contends that the decree affected the dissolution of such tenancy and left the parties in the position of being tenants in common. The defendant takes the position that the decree is invalid, but if it be found to be valid then it does not disturb the tenancy as it existed at the time the decree was obtained. Neither party has cited any law applicable to the situation.

After hearing the evidence I am satisfied that the plaintiff went to Florida with the firm intention of becoming a bona fide resident there and actually became a resident of that State, and she has returned to New York temporarily for the purpose of concluding the instant litigation. It further appears that the requirements of the Florida statutes as to residence, the service of process, etc., have been fully complied with. Such being the case I find the decree to be valid and it must be given full faith and credit by the courts of this State. I further find that the decree has the effect of reducing the parties to the status of tenants in common. I see no distinction between a valid decree obtained in the New York courts and a decree of a sister State recognized as valid in this State (Grossman on N. Y. Law of Domestic Relations, § 296).