[L. A. No. 24741. In Bank. Nov. 18, 1958.]

MARTHA M. BARBER, Respondent, v. MARION M. BARBER, Appellant.

Macbeth & Ford, Patrick J. Ford and Moira D. Ford for Appellant.

No appearance for Respondent.

GIBSON, C. J.—Plaintiff and her husband, who were married in Oklahoma in 1942, separated in 1953, and she commenced this action in Los Angeles County on August 14, 1953, to obtain a decree of separate maintenance, a division of the community property, custody of their two minor children, and support for herself and the children. Defendant, appearing in propria persona, demurred and answered. Pursuant to a stipulation entered into by the parties, the trial court issued a temporary order directing defendant to pay $100 a month to plaintiff for support so long as she was unemployed. No provision was made in this order for the support or custody of the children.

The husband has been employed as a schoolteacher in Oklahoma since two years prior to the separation, and, before any further proceedings were had in this action, he obtained a decree of divorce in that state on the ground of extreme cruelty. The decree, entered on October 9, 1953, recites that the wife did not appear at the trial but had made a general appearance by filing an answer. The Oklahoma court found that the husband had been a resident of that state during the preceding year and that he was without fault. The decree was

silent as to support rights. Under its provisions the husband was granted custody of the children, and real property located in Los Angeles was divided equally between the parties.

Subsequent to the Oklahoma decree the court in the present action made a minute order on October 27, 1953, containing provisions relating to the support of plaintiff and the custody and support of the children. Defendant then filed an amended answer setting forth the Oklahoma decree and praying that this action be dismissed as moot. At the same time he filed motions for summary judgment and for vacation of the minute order of October 27, 1953. These motions were denied.

At the trial of the present action the evidence established without dispute that plaintiff and defendant purchased the real property in 1946 and that the funds used as a down payment had been saved from their earnings and kept in a Los Angeles bank. Title to the property was taken in joint tenancy, and plaintiff understood this to mean that the property belonged to her and defendant as husband and wife.

The court determined that it was the first to acquire jurisdiction over the subject matter and the parties and that the Oklahoma judgment was void for lack of jurisdiction. Judgment was entered granting plaintiff separate maintenance, ordering defendant to pay her one dollar a month for her support, and awarding her all the realty, which was found to be community property. The judgment also awarded plaintiff custody of one child, who was living with her in Los Angeles, and $50 a month for his support. On this appeal from the judgment defendant states in his brief that he makes no attack on the provisions relating to child support and custody, and we need not examine those provisions for error.

 A party who appears in an action in which a divorce is granted may not collaterally attack that divorce in another state unless he is entitled to do so in the first state. (*Sherrer v. Sherrer*, 334 U.S. 343, 351 [68 S.Ct. 1087, 92 L.Ed. 1429, 1 A.L.R.2d 1355]; *Heuer v. Heuer*, 33 Cal.2d 268, 270-271 [201 P.2d 385].) The wife made a general appearance in the Oklahoma action, and, so far as we have been able to find, there are no grounds upon which the termination of the marriage could be successfully challenged in that state. Accordingly, the Oklahoma decree is binding upon the parties as to their marital status.

The next question is whether binding effect must likewise be given to the portion of the Oklahoma decree dealing

with the real property. ▮ It is settled in California that a court having jurisdiction of the parties may adjudicate their rights to land located in another state and that the adjudication is res judicata and is to be accorded full faith and credit in the situs state regardless of whether the decree orders execution of a conveyance. (*Rozan* v. *Rozan*, 49 Cal.2d 322, 330 et seq. [317 P.2d 11].) Although such a decree cannot in itself change or determine title, and while a subsequent action for that purpose must be brought in the situs state, an adjudication, for example, that one of the parties is entitled to the property is binding in the subsequent action. The rule of the Rozan case, however, cannot properly be applied to a judgment which may be collaterally attacked in the rendering state on the ground that it is void for lack of jurisdiction. Under Oklahoma law, even though a court has jurisdiction of the parties, its adjudication of their rights to land in another state is not res judicata but is void for lack of jurisdiction of the subject matter and may be collaterally attacked and set aside by the parties at any time. (*Sharp* v. *Sharp*, 65 Okla. 76 [166 P. 175, 177 et seq., L.R.A. 1917F 562].) Thus the provision of the Oklahoma decree relating to the real property would not be binding there, and it should not be given that effect here.

It does not follow, however, that the award of all the realty to plaintiff can be affirmed on the record before us. ▮ The general rule is that questions relating to interests in real property are determined by the law of the situs. (See Goodrich on Conflict of Laws [3d ed.], p. 453 et seq.; Stumberg, Conflict of Laws [2d ed.], p. 377 et seq.) The cases recognizing a limitation on this rule where the funds used for the purchase were acquired by spouses while domiciled in another state (*Rozan* v. *Rozan*, 49 Cal.2d 322, 326 [317 P.2d 11]; *Tomaier* v. *Tomaier*, 23 Cal.2d 754, 759 [146 P.2d 905]; see Goodrich on Conflict of Laws [3d ed.], *supra*, pp. 378-379; Stumberg, Conflict of Laws [2d ed.], *supra*, pp. 314-315) are not applicable here because there is no evidence that the parties were domiciled in Oklahoma or any state other than California when the purchase money was acquired. ▮ Under the law of the situs (California) only an innocent spouse may be awarded more than half of the community property. (*De Burgh* v. *De Burgh*, 39 Cal.2d 858, 874 [250 P.2d 598].) Plaintiff's fault was established by the granting of the divorce on the ground of her extreme cruelty, and, while the evidence is sufficient to support the finding that the realty was com-

munity in character, there is no evidence that the parties had acquired any other community property. The court erred, therefore, in awarding plaintiff the whole of the property.

Plaintiff was not entitled to recover support under the law of either Oklahoma or California. In Oklahoma a divorce decree rendered by a court having personal jurisdiction of the parties is a bar to a subsequent action for alimony even though the decree is silent as to support rights. (*Wilcox* v. *Wilcox,* 198 Okla. 370 [178 P.2d 874, 875-876].) The same rule is applicable in California. (See *Puckett* v. *Puckett,* 21 Cal.2d 833, 841 [136 P.2d 1]; *Tolle* v. *Superior Court,* 10 Cal. 2d 95, 97 [73 P.2d 607]; *McClure* v. *McClure,* 4 Cal.2d 356, 359 [49 P.2d 584, 100 A.L.R. 1257].) Moreover, in California, except where incurable insanity is involved, support money may be awarded only against a spouse who is at fault. (See Civ. Code, §§ 139, 92, 108, 137; *De Burgh* v. *De Burgh,* 39 Cal.2d 858, 874 [250 P.2d 598].) As we have seen, the Oklahoma court, in awarding the divorce to the husband, determined that he was blameless, and the portion of the decree terminating the marriage is binding on plaintiff.

The judgment is affirmed insofar as it relates to child support and custody and is reversed in all other respects. Neither party shall be allowed costs on appeal.

Shenk, J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.