■ SHIRLEY M. KINDLER, Appellant, v ROGER A. KINDLER, Respondent.—Order unanimously affirmed, without costs. Memorandum: Plaintiff brought this action in New York seeking enforcement of so much of an Oklahoma divorce decree as purported to grant her title to real property located in New York owned by the parties prior to the divorce as tenants by the entirety. In his answer to the complaint and his affidavit in response to

plaintiff's motion for summary judgment, defendant claimed that the Oklahoma decree could not be effective to vest title in the plaintiff, and that, therefore, plaintiff had no legal basis for compelling conveyance of the property. Defendant conceded that by virtue of the divorce decree the parties had become tenants in common and asserted that the only relief to which plaintiff was entitled was a partition of the property. Special Term found that the Oklahoma court had had personal jurisdiction over defendant, and held that the Oklahoma decree, insofar as it purported to convey title to the real property, could not be given effect in New York. Therefore, plaintiff's motion for summary judgment was denied, and the parties were ordered to proceed to partition. Plaintiff appeals from that order and we affirm. It is well established that "a divorce court in one state does not have the power directly to affect, by means of its decree, the title to real property situated in another state." (34 ALR3d 968, citing, *inter alia, Fall v Eastin,* 215 US 1; *Van Cortlandt v De Graffenried,* 147 App Div 825, affd 204 NY 667; *Tiedemann v Tiedemann,* 172 App Div 819, affd 225 NY 709, rearg den 226 NY 658, app dsmd 251 US 536.) Accordingly, Special Term properly refused to give effect to those provisions of the decree which were intended directly to affect the New York real property. The divorce decree, which was not ex parte but based on personal jurisdiction, severed the tenancy by the entirety of the New York real property, and created a tenancy in common. *(Yax v Yax,* 240 NY 590; *Stelz v Shreck,* 128 NY 263; *Knight v Knight,* 31 AD2d 267, affd 25 NY2d 957; *Albin v Albin,* 26 Misc 2d 383, affd 12 AD2d 933; *Grigoleit v Grigoleit,* 205 Misc 904; compare *Huber v Huber,* 26 Misc 2d 539.) This change in the nature of the ownership resulted by operation of New York law from the change in marital status of the parties, which is properly recognized in this State *(Williams v North Carolina,* 317 US 287). It did not result from any provision in the Oklahoma decree purporting directly to affect the title. Therefore, Special Term's direction that the parties proceed to partition was correct. (Appeal from order of Oneida Supreme Court—summary judgment.) Present—Moule, J. P., Cardamone, Simons, Hancock, Jr., and Denman, JJ.