SUZANNE IVEY *v.* ARTHUR R. IVEY

BOGDANSKI, PETERS, ARMENTANO, SHEA and WRIGHT, Js.

Argued February 5—decision released April 14, 1981

*James F. Bingham,* with whom, on the brief, was *Paul D. Shapero,* for the appellant (plaintiff).

*D. Seeley Hubbard,* with whom, on the brief, was *Bernard Glazer,* for the appellee (defendant).

WRIGHT, J.   This case concerns primarily the extent to which a dissolution decree rendered in this state may affect title to real property owned by the parties in another state.  The trial court ordered the plaintiff wife to transfer to the defendant husband her interest in two parcels of realty located in Florida.  The plaintiff has appealed.

The factual background of this case is set out in the trial court's memorandum of decision.  The plaintiff decided to seek this dissolution four months after the parties were married.  A few days after the parties were married, the defendant transferred to the plaintiff a one-half interest in an oceanfront beach house in Vero Beach, Florida.  This parcel, referred to as lot 11, cost the defendant $95,000.  He paid $108,000 for the construction of the beach house thereon.  He also had purchased a contiguous parcel, lot 10, at a cost of $40,000.   Prior to the

marriage the plaintiff received the proceeds of the sales of her former residences in Greenwich, Connecticut. In order to curtail her propensity for spending this money quickly, both parties agreed that she would transfer $40,000 to the defendant, who would convey to her lot number 10.

The trial court concluded that, with respect to the one-half interest in lot 11 and the beach house built thereon, the defendant did not intend to make a gift, but rather intended to have this interest returned to him upon request. As to lot 10, the court found that the plaintiff promised to reconvey it to the defendant if she received her $40,000 plus a reasonable return on her investment. On the basis of these conclusions, the court, pursuant to General Statutes § 46b-81, rendered a decree ordering the plaintiff to transfer her interest in lots 10 and 11 to the defendant and ordering the defendant, upon such transfer, to pay $45,000 to the plaintiff. Because the realty affected is in Florida, the question arises whether, in fashioning a dissolution decree, a Connecticut court can transfer title to realty located in another state.

It is generally true that courts of one state have no power to affect directly the title to real property located in another state. *Fall* v. *Eastin,* 215 U.S. 1, 11–12, 30 S. Ct. 3, 54 L. Ed 65 (1909). The reason underlying this rule is that title adjudications are actions in rem; jurisdiction to render an in rem decree generally exists only in the courts of the state in which the realty is situated. *Taylor* v. *Taylor,* 192 Cal. 71, 76, 218 P. 756 (1923). Thus attempts by courts of a state deciding a divorce case to fix title to land in a second state have been denied res judicata effect in the second state. *Barber* v.

*Barber,* 51 Cal. 2d 244, 247, 331 P.2d 628 (1958). Such attempts have also been denied full faith and credit by the courts of the state in which the real estate purportedly affected lies. *Rozan* v. *Rozan,* 129 N.W.2d 694, 700 (N.D. 1964).

It is equally true, however, that where a court has in personam jurisdiction over the parties, it may exercise its equitable power to require one party to convey property to the other. *Fall* v. *Eastin,* supra. Because such an order operates directly against the parties to the action rather than against the land, it is within the court's jurisdiction. Orders of this sort are accorded full faith and credit; *Varone* v. *Varone,* 359 F.2d 769, 771 (7th Cir. 1966); collateral estoppel effect; *Cuevas* v. *Cuevas,* 191 So. 2d 843, 849–50 (Miss. 1966); and res judicata effect. *Weesner* v. *Weesner,* 168 Neb. 346, 353, 95 N.W.2d 682 (1959).

The decree rendered in the present case was of the second type, i.e., it ordered the plaintiff to transfer her interest in the Florida property to the defendant. The order did not purport to transfer title to out-of-state realty by its own terms. The plaintiff's argument that the court below was bound to apply Florida law, when it made its order relating to the Florida land, lacks merit. Inasmuch as the decree did not directly affect title to the Florida lands, this dissolution action did not differ materially from any other dissolution. General Statutes § 46b-81 vests broad discretion with the trial court in dividing the parties' property, with no limitation as to the location of the property. The court below had the authority to order the parties to convey property. See *Pasquariello* v. *Pasquariello,* 168 Conn. 579, 587, 362 A.2d 835 (1975).

The plaintiff also claims that there is a presumption that property conveyed to a spouse is a gift, and that the presumption was not rebutted by the evidence in this case. See *Whitney* v. *Whitney*, 171 Conn. 23, 32–33, 368 A.2d 96 (1976). On the basis of the facts determined by the trial court, which we cannot say are clearly erroneous, there was ample evidence that no gift was intended. The plaintiff promised to return her one-half interest in lot 11 upon the defendant's request; lot 10 was to be reconveyed to the defendant upon the receipt of the plaintiff's $40,000 plus a reasonable return. The court did not abuse its discretion in rendering the orders concerning the Florida property.

The plaintiff also challenges that portion of the decree which compels the defendant to reimburse her in the amount of $21,658.80. She claims that she should be reimbursed $74,382 for payments made on behalf of the defendant in decorating and maintaining the joint family home. The $74,382 figure, however, included $40,000 invested in lot 11. Thus the balance claimed is $34,382.30. The defendant admits only that $14,658.07 is due the plaintiff. There was evidence that the plaintiff's claim included $2500 which was duplicated in the claim, $1700 for a capital gains tax incurred prior to the marriage, $5000 which she paid to her New York attorney in connection with the divorce,[1] and a $4000 bill for which she admitted responsibility. On the basis of this evidence alone, we cannot hold the trial court's figure to be clearly erroneous.

Finally, the plaintiff complains that the court committed error when it declined to order periodic alimony. We disagree. In determining whether the

---

[1] The plaintiff was awarded $4500 for counsel fees.

trial court has abused its discretion, the test we apply is whether the court could reasonably conclude as it did. *Koizim* v. *Koizim,* 181 Conn. 492, 497, 435 A.2d 1030 (1980). Both parties were people of means. The marriage foundered after only four months. Under these circumstances, the trial court's orders, which included $7500 lump sum alimony, were not an abuse of discretion.

There is no error.

In this opinion the other judges concurred.