OPINION of the court
Oscar Murov, J.
Plaintiff moves for an order pursuant to section 236 (part B, subd 4) of the Domestic Relations Law and CPLR 3126 resolving the issues of maintenance, equitable distribution, title to the marital home and all other financial issues in favor of plaintiff, and precluding defendant from offering evidence as to same, contending that defendant has willfully and deliberately refused to provide plaintiff with an affidavit of financial disclosure. Defendant, on the return date of this motion, has served a sealed copy of said affidavit on the court and requests that the court receive same in camera pending determination by the New York Court of Appeals of various appeals which are apparently to be taken to that court from the decision of the Appellate Division, Second Judicial Department, in the case of Valladares v Valladares (80 AD2d 244), which rejected arguments by a defendant who claimed that application of the Equitable Distribution Law to property acquired by a husband, or to his marital relationship, contracted prior to July 19,1980, the effective date of said statute, was unconstitutional.
*983 The court elects to treat defendant’s contentions as a cross motion and deny same, and grant plaintiff’s motion to the extent that defendant is directed to serve the required financial affidavit upon plaintiff within 10 days after service upon him of a copy of this order with notice of entry.
It is axiomatic that this court is bound by a determination of its Appellate Division unless such Appellate Division determination has been overruled by the Court of Appeals. Moreover, a trial court must follow the last decision of the controlling Appellate Division and it must not hold an adjudication in abeyance, or impede the course of litigation, pending a change in the law which may occur at some future date (Matter of Weinbaum, 51 Misc 2d 538). While it is true that the courts are authorized to grant a stay of proceedings where a point of law applicable to certain litigants is about to be decided by an appellate court, this should only be done where decision is imminent. The court must take into consideration when was the appeal taken, when arguments are to be heard, and when a decision is forthcoming (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C2201:11, p 9). Here, only a motion for leave to appeal has been made with no decision thereof. While the legal academicians continue to enjoy a baccanalian revelry of law-related delights and the appellate courts attempt to soothsay whether the majority, concurring or dissenting opinions of the lower court should be followed, and the trial courts wallow in the legal quagmire and seek to do justice in the meantime, the unfortunate litigant should not pay for said appeals.
A second issue to be resolved is whether the Equitable Distribution Law governs, in any way, out-of-State real property. The court holds that it does.
Equity decrees come within the scope of the full faith and credit clause just as do other judgments, yet when they deal with land in another State, the question has been raised whether they are entitled to final respect in the State where the land lies (see Fall v Eastin, 215 US 1; Durfee v Duke, 375 US 106). The courts of one State cannot directly affect title to land in another State, and courts *984 have often looked with suspicion upon the orders of extra-state courts concerning local land. But a court having personal jurisdiction over parties" can adjudicate their personal rights and obligations in reference to any res, wherever situated (Allis v Allis, 378 F2d 721; Varone v Varone, 359 F2d 769 [Michigan decree requiring divorced husband to convey Illinois land to wife held entitled to full faith and credit in Illinois]; Rozan v Rozan, 49 Cal 2d 322; McElreath v McElreath, 162 Tex 190 [full faith and credit to Oklahoma order that husband convey Texas land to divorced with]). The Fourth Department has recently held in Kindler v Kindler (60 AD2d 753), that a divorce court in one State does not have the power directly to affect, by means of its decree, the title to real property situated in another State.
Pursuant to section 236 (part B, subd 5) of the Domestic Relations Law, the court must determine what constitutes the marital property of the parties and make an equitable distribution thereof. The court holds that while it may not affect title to real property situated outside the State of New York, it may make an equitable distribution thereof and order one of the parties to convey same, and such must be carefully set forth in a proposed divorce judgment. Also, a disobedient party may be faced with certain postjudgment actions for failure to comply.