John P. DORITY, Plaintiff and Appellant,

v.

Jean D. DORITY, Defendant and Respondent.

No. 17376.

Supreme Court of Utah.

March 24, 1982.

David M. Swope and John K. Mangum, Salt Lake City, for plaintiff and appellant.

B. L. Dart and John D. Parken, Salt Lake City, for defendant and respondent.

DURHAM, Justice:

The plaintiff has appealed from a divorce decree, claiming error in the trial court's award to defendant of an interest in Pennsylvania real property and of alimony.

The parties were married in 1956 and separated in 1972. In 1977, divorce proceedings were commenced by the plaintiff in Pennsylvania, then the domicile of both parties. Thereafter, plaintiff moved to Utah for employment reasons and, becoming dissatisfied with the length of time being consumed by the Pennsylvania litigation, sued defendant for divorce in Utah in 1979. The trial court awarded plaintiff a Utah residence with equity of $49,000, stock worth approximately $58,700, and his retirement benefits with Sperry Corporation worth $85,008. Defendant was awarded a Pennsylvania residence with equity of $62,-000, stock worth approximately $53,725, her own retirement benefits totaling $6,567, and alimony in the lump sum amount of $18,000 to be paid at the rate of $500 per month from and after September, 1980.

Plaintiff's first contention is that the trial court erred in awarding plaintiff all of the parties' interest in the Pennsylvania property, claiming that said award was contrary to Pennsylvania law, which should be binding on the Utah courts. In support of this claim, plaintiff cites the general rule that questions dealing with title to real

property are determined by the law of the situs. 16 Am.Jur.2d, *Conflict of Laws,* § 26 (1979). In this case, he claims that Pa.Stat. Ann. tit. 68, § 501 (Purdon, as amended), should have been applied by the Utah court:

> Whenever any husband and wife, hereafter acquiring property as tenants by the entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit against the other to have the property sold and the proceeds divided between them.

This statute may be construed in one of two ways: either it determines the title to real property which is part of the marital estate in a divorce proceeding, or it directs how the Pennsylvania divorce courts shall divide and distribute a particular type of marital asset, namely property held as tenants by the entirety. Under either construction, plaintiff's claim that the Utah courts are required to apply the statute is mistaken. If the effect of the statute is to determine title, it is clear that the courts of Utah are without power or jurisdiction to directly affect title to property located in Pennsylvania. *Noble v. Noble,* 26 Ariz.App. 89, 546 P.2d 358 (1976); *Burton v. Burton,* 23 Ariz. App. 159, 531 P.2d 204 (1975); *Barber v. Barber,* 51 Cal.2d 244, 331 P.2d 628 (1958); 27 Am.Jur.2d, *Equity* § 17 (1966); 34 A.L. R.3d 962 (1970). Thus, the trial court could not apply Pennsylvania law as plaintiff claims it ought to have done if the effect of its ruling is to determine title. On the other hand, if the statute merely controls the division of marital property between the parties to a divorce, it is equally clear that Utah law governs such equitable division where the Utah courts properly have jurisdiction over the parties. § 30–3–5, Utah Code Ann. (1953). Further, it has been held in the majority of American jurisdictions that the equitable powers of divorce courts extend to the award and disposition of real property in other states insofar as the parties' interests therein are concerned. *See* cases annotated in "Power of Divorce Court to Deal with Real Property Located in Another State," 34 A.L.R.3d 962,

§ 4 (1970). In *Barber v. Barber, supra,* cited by plaintiff in his own brief, the California Supreme Court said:

> It is settled in California that a court having jurisdiction of the parties may adjudicate their rights to land located in another state and that the adjudication is res judicata and is to be accorded full faith and credit in the situs state regardless of whether the decree orders execution of a conveyance. [Citations omitted.] Although such a decree cannot in itself change or determine title, and while a subsequent action for that purpose must be brought in the situs state, an adjudication, for example, that one of the parties is entitled to the property is binding in the subsequent action.

51 Cal.2d at 247, 331 P.2d at 630. This result is predicated on the basic rule that a court of equity, acting by virtue of personal jurisdiction over a party may compel compliance with its orders to convey out-of-state real property. *See generally* 27 Am. Jur.2d *Equity* § 17 (1966).

■ Thus, the provision of the trial court's decree in this case which awards the house and real property in Pennsylvania to defendant is a legitimate exercise of its equitable powers to determine the rights of the parties to that property. Defendant may enforce that award by application to the Utah courts for an order of conveyance directing plaintiff to comply, and for contempt sanctions if he refuses.

■ Plaintiff also complains that the trial court's award of alimony in this case was an abuse of its discretion. The record shows a marriage of twenty-four years, although the parties separated after sixteen, and four children raised primarily by defendant. It also demonstrates a substantial earning capacity in plaintiff, and a modest one in defendant, with commensurate retirement benefits. Before consideration of the alimony award, it shows plaintiff receiving approximately $192,000 in marital property (including his retirement benefits), and defendant approximately $122,000 (including her retirement). It is logical to

assume that the court's alimony award was designed, at least in part, to compensate for the great disparity in earnings due to defendant's many years out of the work force, as well as for the somewhat disproportionate distribution of the parties' property. The award of a lump sum of $18,000, to be paid at the rate of $500 per month, does not render the respective positions of these parties so unequal as to demonstrate a punitive purpose or to constitute an abuse of discretion. Finally, plaintiff's contention that Pennsylvania law should have controlled on the alimony question is without merit, as discussed above.

■ This Court is also asked to find error in the trial court's failure to award plaintiff property equivalent to that which he claims to have brought into the marriage. The record discloses a dispute about the amount of the parties' respective separate contributions, and plaintiff failed to offer any corroborative proof as to the amounts he claimed by his testimony. In any case, a comparison of the cash value of property awarded to each party shows that plaintiff received approximately $70,000 more in value than defendant, before alimony, a figure which is nearly twice what he claimed he brought into the marriage in separate assets.

■ It is well settled that this Court will not disturb the trial court's distribution of property and award of alimony in a divorce proceeding unless a clear and prejudicial abuse of discretion is shown. *Despain v. Despain*, Utah, 610 P.2d 1303 (1980); *Jorgenson v. Jorgenson*, Utah, 599 P.2d 510 (1979); *Kessimakis v. Kessimakis*, Utah, 580 P.2d 1090 (1978). In this case, there is no basis for substituting this Court's judgment for that of the trial court; no abuse of discretion has been shown.

The judgment of the trial court is affirmed. Costs to respondent.

HALL, C. J., and STEWART, OAKS and HOWE, JJ.