[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is the defendant's motion to dismiss the second, fourth, sixth, eighth, and tenth counts of the plaintiff's revised complaint. The revised complaint alleges that the defendant wrongfully procured possession and title to the real and personal property of an elderly and infirm couple and that parcels of land in Connecticut and Florida were transferred from the couple to the defendant by means of fraud; undue influence; inadequate consideration; lack of mental capacity; and mistake. The plaintiff seeks money damages; an injunction prohibiting transfer or encumbering of the realty; a nullification of the deeds; an order requiring the defendant to reconvey the properties to the plaintiff; an injunction preventing severance and removal of the natural resources on the land; and an appointment of receiver of rents.
The defendant moves to dismiss the even-numbered counts which pertain to the real property located in Florida. The defendant contends that a Connecticut court lacks in rem jurisdiction to render a judgment and orders regarding land in Florida. The plaintiff counters that, because this court has personal jurisdiction over the defendant, the court can validly grant the relief sought. The court agrees and disagrees, in part, with both contentions. CT Page 1431-PP
As a general principle, Connecticut courts lack power to affect directly the title to land in another state. Ivey v.Ivey, 183 Conn. 490, 492 (1981). To the extent that the plaintiffs request an invalidation of the deed conveying the Florida property to the defendant, the defendant is correct that this court cannot afford the relief requested because that nullification would constitute an attempt to alter directly title to the Florida land. The motion to dismiss is granted as to the second count only which seeks that remedy.
Both sides agree that the court has personal jurisdiction over the defendant. Because the relief sought by way of the other courts do not directly affect title to the Florida property, the court possesses the power to grant the relief sought. Iveyv. Ivey, supra, 493. Specifically, the court can determine if fraud, undue influence, incapacity, lack of consideration, or mistake lie underneath the transfer of this realty to the defendant. The court has the equitable power to require the defendant to reconvey the Florida property to the plaintiff, grant the other injunctive relief requested, appoint a receiver of rents, and assess monetary damages. Id. As to the other counts, the motion to dismiss is denied.
Sferrazza, J.